## CROSBY v. DAVIS.

1. PARTIES. In an action by the purchaser of real estate, against the sheriff, to enforce a conveyance of the property sold, the person claiming the right to redeem should be made a party defendant.

*Appeal from Clayton District Court.*

TUESDAY, JUNE 14.

*J. O. Crosby,* for the appellant.

*Elijah Odell,* for the appellee.

Crosby v. Davis.

STOCKTON, J.—On the 25th September, 1857, the defendant, as sheriff of Clayton County, under two writs of *fi. fa.* issued on judgments in the District Court of said county, against one Rolf, sold to the plaintiff for the sum of $175, and gave to him a certificate to that effect, the premises described as "twenty feet of fractional block five of the town of Elkader, in Clayton County, as designated on the recorded plat, commencing sixty-eight feet from the south-east corner of said block on Front street, thence up said street along the line thereof, twenty feet; thence the same width, twenty feet, at right angles with said street to the river in the rear."

On the 24th September, 1858, one Collins, claiming to be the assignee of the interest of Rolf, and of his right of redemption in the premises sold, paid into the clerk's office the sum of $192,50 to redeem the same, and filed in the office of the recorder of deeds for the county, the assignment under which he claimed to redeem said premises from the sale made by the sheriff. After the expiration of one year from the day of sale, Crosby, the purchaser at the sale, presented the certificate of purchase to the sheriff, and demanded a conveyance of the premises in accordance with the terms thereof. The sheriff refused to make the deed, alleging as his reason for not doing so, that the premises had been redeemed by Collins as assignee of Rolf, as above set forth.

A statement, embracing the above facts, was signed by Crosby, the purchaser at the sheriff's sale, and by Davis, the sheriff, and presented to the District Court in order that the rights of the parties might be determined, as provided for by the Code, chap. 108. It was considered and adjudged by the court, that Collins had tendered a sufficient amount to redeem the premises from the sale by the sheriff, and the petition of the plaintiff was therefore refused.

The conveyance from Rolf, under which Collins claimed the right to redeem, was of his right of redemption in "lot number seven (7) in fractional block number five (5) as designated in the recorded plat of Elkader, Iowa, on which lot

is a three story brick building." The description is different from the description given by the sheriff in his certificate of the premises sold. Yet, as the premises may be *the same*, we think that Collins, as the chief party in interest, should have been allowed to show this fact, and he should have been made a party to the proceedings for this purpose. As the case stands upon the record presented to us, we should be constrained to say that no good reason is shown for the refusal of the sheriff to make a deed to the purchaser in accordance with the sheriff's certificate. But as such a decision might work great hardship to Collins, if the premises conveyed to him are the same as were sold by the sheriff, we think that no decision should be made until all the persons interested are before the court, so that their rights may be fairly adjudicated.

The judgment is reversed and cause remanded to the District Court with leave to the plaintiff to amend his petition and make other parties.

Judgment reversed.