## Swan v. Clark et al.

**Practice:** IN EQUITY: DEFECT OF PARTIES. Where in an equitable proceeding to quiet title the omission to make certain persons parties is vital to the relief asked, the objection may be made at the hearing, and if the court proceeds to a decree without an order bringing such parties in, it will be reversed on this ground.

*Appeal from Adams District Court.*

· THURSDAY, JUNE 12.

THE petition claims of the defendants, R. L. B. Clark and Annie P. Clark, the ownership in fee and the present possession of the north-west quarter of the north-west quarter and the south-west quarter of the north-east quarter of section nineteen, township seventy-two, range thirty-four; and as to the first forty alleges that defendants claim the same by deed from plaintiff, but that he never sold the same to defendants, and if it is described in any deed to defendants it was done by accident or mistake, or through the fraud of defendants. As to the second forty, plaintiff alleges that he is the owner of the same by purchase from defendants, but that, in consequence of an imperfection in the acknowledgment, there is a cloud upon his title and the same is imperfect.

The defendants, for answer, state as to the second forty, that they have no recollection or knowledge of any defect in the acknowledgment. That plaintiff has never asked for any correction therein; that they make no claim thereto, and never have since the making and delivery to plaintiff of a deed therefor, and that they have no objection to the granting of plaintiff's title thereto at his own cost.

Defendants allege that plaintiffs, for a valuable consideration, deeded to them the first forty described, to wit: The north-west quarter of the north-west quarter of section nineteen, township seventy-two, range thirty-four; and they deny that the description was inserted through accident, mistake or fraud.

They further allege that in January, 1865, for a good and sufficient consideration, they conveyed the said land to William E. Clark, of Chicago, and that said deed is on record in Adams county, and said William E. Clark is now the owner of said lands.

Upon the trial it was shown that the last described land was conveyed to William E. Clark by deed, executed on the 31st day of January, 1865, and before the commencement of this suit.

William E. Clark is not made a party to this action. The court decreed that plaintiff is the owner of the north-west quarter of the north-west quarter of section nineteen, township seventy-two, range thirty-four, and declared the deed from plaintiff to defendant void, so far as it purports to convey said land.

Defendants appeal.

*Frank M. Davis* for the appellant.

*Seevers & Cutts* for the appellees.

DAY, J. — We do not determine, nor can we properly inquire, whether the evidence submitted sustains the decree of the court below. From the issue tendered and the proof made, it appears that the defendants have no interest in the land in controversy, and that the party who has the legal title and does claim whatever interest there is adverse to the plaintiff is not made a party to the proceeding.

The deed of R. L. B. Clark to William E. Clark is a quitclaim, so that R. L. B. Clark is not liable over to William E., and is absolutely without any interest in this suit so far as the record discloses. A decree against the defendant does not advance the interests of plaintiff in any respect, or place him any nearer the desired goal than he was when he commenced the action; for, as to defendant, the decree is unavailing, and by it William E. Clark, the holder of the legal title, is not bound. Neither the court below nor this court should wade through a mass of conflicting testimony for the

purpose of entering a decree, which, when rendered, is altogether futile. If the defect of parties be vital to the character of the petition, and of the relief asked, the objection may be insisted on at the hearing, and if the court proceeds to a decree it may be reversed for error on this account. Story's Equity Pleadings, § 236. The judgment will be reversed and the cause remanded, with leave to plaintiff to make proper parties if he shall be so advised.

Reversed.