## BROWN v. GIBBONS.

1 **Principal and surety**: APPLICATION OF ASSETS. A mortgagor of land becomes a bankrupt under the law of the United States. Subsequently the mortgage was foreclosed in a court of this State; the mortgagor and others were made defendants, but the assignee of the bankrupt was not. The land mortgaged was sold on the decree and purchased by plaintiff, who was the mortgagee. After this the assignee of the bankrupt for a sufficient consideration conveyed the land to plaintiff. The defendant was surety on the note secured by the mortgage, which was not wholly paid by the foreclosure sale. This action is brought to recover the balance. In an equitable defense defendant sets up the foregoing facts and alleges that the property was of value sufficient to pay the whole amount of the note, and plaintiff sold it for a sum sufficient for that purpose. *Held*, that in the absence of fraud or improper practice on the part of plaintiff it must be presumed that the property was fairly applied to the payment of the note by the mortgagor by the foreclosure and purchase from the assignee.

2. **Bankruptcy**: MORTGAGE FORECLOSURE: JURISDICTION OF STATE COURT. A State court has jurisdiction to foreclose a mortgage when the mortgagor has been declared bankrupt by a United States court, and the mortgagee has not become a party to the bankrupt proceeding and the assignee has not redeemed the property, nor a bankrupt court taken cognizance in any manner of the subject-matter of the foreclosure action.

*Appeal from Lee Circuit Court.*

MONDAY, DECEMBER 15.

ACTION at law upon promissory notes. The answer of defendant sets up equitable matter in defense, and a demurrer thereto was sustained. The defendant, standing upon his answer, a judgment was entered against him and he now appeals to this court. The facts of the case appear in the opinion.

*McCrary, Miller & McCrary* for the appellant.

*Gilman & Anderson* for the appellee.

BECK, Ch: J. — The plaintiff declares, in the usual form, upon two promissory notes signed by defendant and J. O.

1. PRINCIPAL AND SURETY. Humble, and payable to Alexander Barclay & Co. The notes were transferred by indorsement to the firm of which plaintiff is the surviving partner. The defendant, in his answer, sets up the following matter as an equitable defense to the action. The copartnership of which plaintiff is the survivor was engaged in the banking business, and was the successor of the payees of the notes in suit, who were also bankers, Barclay being a member of each firm. The defendant signed the notes as security of Humble, a fact at the time known to the payees. Prior to the execution of the paper, Humble had executed two mortgages, one upon the east half of lot 12, block 106 in the city of Keokuk, and certain machinery and personal property, and upon another lot; the other upon buildings and machinery situated upon still another lot, to secure indebtedness then existing and advances contemplated and afterward to be made. The notes in question were given for money advanced under these mortgages and were secured thereby.

In May, 1870, plaintiff instituted an action in the district court of Lee county to foreclose the mortgages, and a decree was rendered therein at the September term following against Humble and other parties made defendants. The amount due upon and covered by the notes in suit was included in the decree.

Prior to the commencement of the foreclosure suit Humble had gone into bankruptcy, and, under the provisions of the law, all his property had been transferred and become vested in his assignee, William Vencill. Vencill was not made a defendant in the foreclosure proceedings. The property covered by the mortgages was sold upon the decree, and the real property was purchased by the firm of which plaintiff is the survivor, and possession thereof was taken under the sale. After the death of Barclay, Vencill, Humble's assignee in bankruptcy, for a sufficient consideration, conveyed the real estate to plaintiff, who subsequently sold and conveyed it to Bruce for the sum of $3,000. The avails of the property realized under the foreclosure sale were not sufficient to satisfy Humble's indebtedness secured by the mortgages, but it is alleged, that the value of the property and the sum for which it was sold to Bruce are equal to such indebtedness.

The defendant, in his answer, claims that the foreclosure proceedings, having been prosecuted in the State court, and Vencill, the assignee, not having been made a party therein, are void, and that plaintiff cannot claim that he acquired any right to the property thereunder. But that, having acquired the property by proceeding not recognized by the law, and appropriated it to his own use, he must be held to account for its true value as payment upon the notes in suit on which defendant is bound as security. The defendant prays that plaintiff be required to account for the value and profits of all the property he, or the firm of which he is the survivor, received under the mortgage and foreclosure suit, that he be credited with the amount paid for taxes, incumbrances and other proper charges, and the difference be applied upon the notes in suit.

A demurrer interposed by the plaintiff to this answer was sustained so far that the court held that the foreclosure proceedings against Humble are not subject to the attack made in the answer, and are valid so far as to protect the right of plaintiff to the property acquired thereunder. But it was held that the notes in suit should be credited with such part of the sum realized in the foreclosure action in the proportion which the amount of the notes bears to the whole debt secured.

We are required to pass upon the effect of the decree in the foreclosure action and to inquire into the jurisdiction of the court over the subject-matter involved therein.

I. Under the provisions of the act of congress of March 2, 1867, establishing a uniform system of bankruptcy, the title of all the property, both real and personal, of the bankrupt became vested in the assignee by virtue of the conveyance executed by the register; the conveyance relates back to the commencement of the proceedings in bankruptcy. (§ 14.) But such conveyance in no manner affects the validity of mortgages of personal and real property made in good faith and otherwise valid. When such liens exist, the assignee is authorized to redeem the property therefrom or sell and convey the same subject thereto. (§ 14.) It will be perceived that the interest and title acquired by the assignee is in nowise different from those held by a *bona fide* purchaser and grantee of other property, which is subject to prior incumbrances. He has no other or higher rights. He is simply the grantee of incumbered property, and his rights, as against the holder of the incumbrance, are not different from those held by the bankrupt prior to the institution of the proceedings in bankruptcy; these are to redeem the property or discharge it from the lien by the payment of the debts secured.

Leaving for consideration hereafter the questions involving the jurisdiction of the State court to enforce a mortgage against a mortgagor who is declared a bankrupt, we will inquire into the effect of the decree of foreclosure against the mortgagor, Humble, and the other persons made defendants to the action instituted after the title of the property had

passed to the assignee in bankruptcy. Without considering what effect that decree had upon the title and rights of the assignee and its validity as to him, and without giving it such effect or validity as to defeat his title to the property, we cannot regard it as void as to the parties made defendants in the proceeding. As to them, it was a valid proceeding, and their right of redemption under the mortgage was thereby cut off. The property as against these parties was subjected to the lien of the mortgage, and the assignee could not have released it therefrom except by redemption. But he conveyed his interest therein, and plaintiffs thus acquired all the interest and title of the other parties to the foreclosure action and of the assignee. Now, it cannot be denied that by means of this foreclosure, together with the purchase of the assignee's interest, the plaintiff subjected the property to his mortgage. In the absence of evidence of fraud or improper practice on his part, it must be presumed that the property was thus fairly applied to the payment of Humble's note.

II. The questions affecting the jurisdiction of the court rendering the decree over the subject-matter of the action now demands our attention. It is insisted by defendant's counsel that under the bankrupt act exclusive jurisdiction in such cases is vested in the United States courts, and for that reason the foreclosure decree is *coram non judice*, and void. This position we will proceed to discuss and determine.

2. BANKRUPTCY.

The act of March 2, 1867, confers original jurisdiction in bankruptcy upon the several district courts of the United States. The first section, after provisions to this effect, proceeds in the following words: "And the jurisdiction hereby conferred shall extend to all cases and controversies arising between the bankrupt and any creditor or creditors who shall claim any debt or demand under the bankruptcy; to the collection of all the assets of the bankrupt; to the ascertainment and liquidation of the liens and other specific claims thereon; to the adjustment of the various priorities and conflicting interests of all parties; and to the marshaling and disposition of

the different funds and assets, so as to secure the rights of all parties and due distribution of the assets among all the creditors; and to all acts, matters and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy.''

As we have above seen the bankruptcy of a debtor does not affect liens subsisting in good faith upon his property, but the assignee may, under the direction of the court, redeem therefrom. Sec. 14. The following provisions are found in section 20: "When a creditor has a mortgage or pledge of real or personal property of the bankrupt, or a lien thereon for securing the payment of a debt owing to him from the bankrupt, he shall be admitted as a creditor only for the balance of the debt after deducting the value of such property, to be ascertained by agreement between him and the assignee, or by sale thereof, to be made in such manner as the court shall direct; or the creditor may release or convey his claim to the assignee upon such property, and be admitted to prove his whole debt. If the value of the property exceeds the sum for which it is so held as security, the assignee may release to the creditor the bankrupt's right of redemption therein upon receiving such excess; or he may sell the property subject to the claim of the creditor thereon; and in either case the assignee and creditor, respectively, shall execute all deeds and writings necessary or proper to consummate the transaction. If the property is not sold or released and delivered up, the creditor shall not be allowed to prove any part of his debt."

From these provisions it appears that debts of the bankrupt secured and his property covered by mortgages do not, by the simple operation of the law, fall within the bankruptcy proceedings. To bring them therein, the assent and act of the assignee and creditor, under the direction of the court, is necessary. The assignee may redeem with the approbation of the court. If he fails to do this, the creditor's rights remain unaffected, unless he voluntarily, under the provision of

section 20, seek the benefits of the bankruptcy, and thus becomes a party to the proceedings. Unless he do this, he must content himself with the security he holds, and is debarred of a share of the proceeds of the estate disposed of under the bankruptcy. The assignee may redeem from the lien without the creditor's consent, just as the debtor himself, or any lien holder, could have done prior to the bankruptcy. If he fails to do this, the creditor may keep himself away from the proceedings. If he do not appear, his rights are not affected and the property he holds by his lien cannot be taken from him. If there should be no redemption by the assignee and the creditor refuses to come within the bankruptcy proceedings, under section 20, it is very plain that the bankrupt court can have nothing to do with the mortgaged property; in other words, can acquire no jurisdiction over it. If the mortgaged property is not, in the manner indicated, brought within the jurisdiction of the bankrupt court, the creditor is left to pursue his remedy, unaffected by the act in question, in the State courts. That we express the full force and effect of the statute in question, there is, in our minds, no doubt. And the wisdom of the provisions is clearly to be seen, for in no other manner than is therein provided, could the rights of the mortgagee be protected and the mortgage be preserved unimpaired.

It is provided in section 21, that "no creditor, whose debt is provable under this act, shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined." Our views, we think, are not inconsistent with this provision. The prohibition evidently is intended to apply to a case whereof the bankrupt court possesses jurisdiction. As we have seen, jurisdiction of the subject-matter of the foreclosure proceeding—the property mortgaged —is acquired by the redemption of the assignee or the assent of the creditor. When neither of these acts has been performed, the court does not acquire jurisdiction; in such a case, it cannot be said that the mortgage debt, for the purpose of fore-

closure, is provable according to the expression of the clauses of the statute just quoted.

Our conclusions are based upon the peculiar facts of this case, and will not be understood to reach beyond them. We have not considered the effect upon the decree in question which would have resulted had the assignee been made a party to the foreclosure proceedings, or had the bankrupt court taken cognizance in any manner of the subject-matter of the action. The facts not being in the case, the question suggested will not arise.

The foreclosure proceedings, under which plaintiff acquired the property in question, being valid, he cannot be required to account to defendant for a sum greater than the amount for which it was sold upon execution. The circuit court therefore correctly ruled in sustaining the demurrer.

Affirmed.