PERRY & TOWNSEND V. MILLER ET AL.

54 277
98 647

1. **Judgment**: SUBROGATION OF SURETY: LIEN. A judgment was entered by consent against a debtor and surety, upon an agreement with the surety that a transcript should be filed immediately in another county, so as to become a lien upon certain lands of the principal defendant. The plaintiff in the action obtained a second judgment against such principal and filed a transcript of both judgments at the same time. The surety in the first judgment, having paid such judgment, obtained a decree subrogating him to all the rights of the judgment creditor as to the lien upon the lands of his principal, and execution having meantime been issued upon the second judgment and levied upon such lands, it was held that he was entitled in equity to have his judgment declared the prior lien, in accordance with a fair construction of the agreement under which it was originally rendered.

2. ——: ——: ——: BANKRUPTCY. The fact that, before the commencement of the action by the surety to be subrogated to the rights of the judgment creditor, the principal defendant had been declared bankrupt, would not deprive the court of jurisdiction to grant the relief asked. Even if erroneous, the decree in that action would be conclusive as between the parties, and could not be collaterally attacked.

*Appeal from Mahaska District Court.*

THURSDAY, JUNE 24.

ACTION in equity, the object of which is to have the lien of a judgment in favor of the defendant declared to be subordinate to a lien of another judgment owned by the plaintiffs. Judgment for the defendant, and the plaintiffs appeal.

*John F. Lacey*, for appellants.

*Perry & Townsend, pro se.*

*Dashiell & Andrews*, for appellee.

SEEVERS, J.—The undisputed facts are: that W. J. Cone, Nelson Cone, A. F. Gardner, and John Fritz, executed certain promissory notes to the defendant as cashier. An action was commenced thereon, which was pending at the November term, 1876, of the

1. JUDGMENT:
subrogation
of surety:
lien.

Monroe District Court. The defendant Fritz pleaded usury. Negotiations were opened for a compromise, which resulted in the execution of a writing on behalf of the two Cones and Fritz, whereby it was agreed judgment should be rendered against them for the amount due on the notes and ordinary costs. That said judgment should not be a lien on certain real estate belonging to Fritz, and should be " paid as follows: $500 in three months from this date, $500 in nine months, $500 in fifteen months, and the balance in twenty-one months from this date." A judgment was accordingly entered on the first day of December, 1876.

The defendant afterward obtained a judgment in the District Court of Monroe county against Nelson Cone, as principal, and Samuel M. Holsclaw, as surety. The two Cones resided in Mahaska county, and Nelson Cone was the owner of real estate in that county; Fritz was a resident of Monroe county.

On the 2d day of January, 1877, the defendant caused transcripts on both of said judgments to be filed in Mahaska county, and they became liens on the real estate of Nelson Cone at the same time.

The defendant, in March, 1877, caused an execution to issue on the judgment against Cones and Fritz, which was levied on certain personal property belonging to the latter, and on the 17th day of May, thereafter, Fritz paid off the entire amount of the judgment, and on the 24th day of said month Nelson Cone was declared a bankrupt.

Afterward, on May 30th, 1877, Fritz commenced an action in the Mahaska District Court against Nelson Cone and the defendant.

In the petition the rendition of said judgment was stated, the filing of the transcript alleged, and that Fritz was surety for said Cone, and that he had paid said judgment. The relief asked was that he was " entitled to be subrogated to all the rights of the said D. M. Miller in and to the judgment, and that the same be declared revived and renewed, and the

entry of satisfaction expunged and set aside, and said judgment renewed and revived in favor of the plaintiff against said N. Cone with the same rights and liens that would have existed in favor of the said D. M. Miller had no payment been made thereon, and that said judgment be declared a valid and subsisting lien upon said real estate, and that execution be ordered to issue from the District Court of Monroe county for the sale of real estate," and for such other and further relief as may be deemed equitable and just. A decree was entered in substantial accord with the relief asked, except that the clerk of the District Court of Mahaska county was directed to issue an execution for the sale of said real estate.

This decree was entered on the 26th day of December, 1877, and on the same day the defendant caused an execution to issue on the judgment against Cone and Holsclaw, which was levied on the real estate of Nelson Cone in Mahaska county, and the same was thereunder sold to the defendant in March, 1878.

By the levy of said execution the defendant obtained the superior lien on said real estate, and the object of this action is to have such lien declared subordinate to the lien of the plaintiffs, acquired by reason of the said Fritz having assigned to them all his rights obtained under the decree rendered by the District Court of Mahaska county.

It is alleged in the petition, and not denied, that Fritz caused an execution to issue by the clerk of the District Court of Mahaska county, as provided in the decree of said court, which was levied on the said land subsequently to the levy made on the execution issued on the Holsclaw judgment, and appropriate relief was asked as to said last levy, and the sale made thereunder. The relief asked by plaintiffs is based on certain agreements between the defendant and Fritz, and equities arising thereon, which, with the objections urged thereto by counsel for the appellee, will be now considered.

I. The plaintiffs claim in consideration the defense of

usury should be withdrawn, and Fritz and others should permit judgment to be rendered against them at the then term of court, it, among other things, was agreed that the defendant would cause a transcript of said judgment to be filed immediately in Mahaska county, and thereby said judgment would become a first lien on Nelson Cone's real estate in said county.

The defendants claim the agreement was the transcript was to be filed within thirty days, or not before the first day of January, 1877, and that said time was so fixed at the request of the defendants in the judgment, or some of them. Upon this question the evidence is conflicting, but we find the preponderance is with the defendant.

The plaintiffs further claim that it was also agreed and understood that said transcript when filed should constitute a first lien on said real estate, and that the defendant agreed to look thereto in the first instance for the satisfaction of said judgment. In relation to this agreement Fritz testifies: "Miller proposed if we would not plead usury he would extend the time; that he would file a transcript of the judgment in Mahaska county. The way it was conveyed to me it was to be done right off."

Kenworthy, a witness for plaintiffs, testified, "Miller * * said that as soon as judgment was rendered he would send a transcript of the same to Mahaska county, and make a lien on certain lands there owned and unincumbered by Nelson Cone. * * * Miller said if this arrangement could be made he was willing to compromise the question of usury and attorney fee. Fritz seemed to take with the idea after Miller said what he did in regard to filing a transcript in Mahaska county, and was willing to do it, provided the judgment would not stand in the way of his perfecting a loan on his land in Monroe county."

W. J. Cone, also a witness for plaintiffs, testified, "I heard Miller, just before the agreement was signed, say to Fritz that this judgment would be a first lien on plenty of real es-

tate in Mahaska county belonging to Nelson Cone, which was unincumbered, to make it perfectly good, and that the judgment should not stand in Fritz's way in making the loan. Fritz then turned to me and asked me how much land Nelson Cone had at that time unincumbered, and I told him between three and four hundred acres in Mahaska county."

Allen, a witness for defendant, on cross-examination, testified to a conversation between Tharp, who had authority to and did, represent Miller, and Fritz, during which the latter "told Tharp that Cone's land was good for the debt. Tharp appeared satisfied, and it is my understanding, from what was said, that Tharp intended to make the money out of Cone's land, and with that understanding the parties went over to the other office. Tharp stated in substance that he would make the money out of Cone's land before going on his, Fritz's, property."

An amended abstract was filed, setting out more fully Allen's evidence in chief, but it in no way qualifies what is above set out.

The defendant in his evidence denies there was such an agreement as above set forth, or that there was any such conversation or proposition made as testified to by said witnesses. We have examined the evidence of the other witnesses on part of the defendant with much care, but are unable to find they contradict or deny what we have above set out as the testimony of the witnesses named. Their evidence is directed to the point that the transcript was not to be filed for thirty days. It was perfectly immaterial when the transcript was to be filed, if when filed it was to constitute a first lien on Cone's land. This was the material thing. There is nothing improbable in the evidence of the witnesses on the part of the plaintiffs. It is reasonable that Fritz should expect the judgment would be made out of Cone's property if it could be done, and it was to be expected that he should insist or expect it would be made a first lien on such property. Being a surety he would, we think, have the right to so far control

the judgment as himself to cause a transcript to befiled in Mahaska county for his own protection. There was no reason why the defendant should not agree that a transcript should be filed, and the same become the first lien, unless he at the time intended the Holsclaw judgment should also become a lien at the same time, and that he by superior diligence could make it the first lien. But, as this would under the circumstances be nearly akin to a fraud, it will not be presumed he so intended. We cannot but think that Fritz understood, and had the right to do so, that if he permitted judgment to go against him the transcript would be filed so as to become a first lien on Cone's land. This being true it would be inequitable and unjust to permit the defendant to obtain an advantage by filing another transcript and making it an equal lien, and then by superior diligence, when Fritz could not do anything to protect himself, make it a first lien. The preponderance of the evidence, that the judgment against Fritz should be a first lien on Cone's land, is, we think, with the plaintiffs. There is some controversy as to whether Fritz and Nelson Cone were co-sureties for W. J. Cone, or whether the former was surety for both the Cones. The notes are signed by both the Cones as principals; the agreement and judgment state Fritz and Nelson Cone were co-sureties. We find the fact to be that Fritz was surety for both the Cones. If it were otherwise, we have great doubts whether, in any point of view, such fact could make any difference so far as the defendant is concerned.

The defendant insists if it was agreed, or Fritz had the right to understand, and did understand, that the judgment should be a first lien on Cone's real estate, it cannot be established by parol because of the written agreement for judgment. But we are of the opinion the writing contained all that was proper or pertinent to the object sought thereby. The filing of the transcript, so as to make it a first lien on Cone's real estate, in no manner added to or varied the writing. It constituted an independent and different matter. It would have been

out of place in the stipulation for judgment, and had no connection therewith. It related to the manner of the enforcement of the judgment.

II. It is said Fritz was not bound to pay the judgment at the time he did, that is, the whole of it. He, however, had 2. $\frac{——:——}{——: \text{bank-ruptcy.}}$ the legal right to do so, and the defendant having received the money cannot be permitted to say that Fritz was an intermeddler. It is possible some one else might do so. As has been stated, Cone was adjudged a bankrupt on the 24th day of May, 1877, and the action of Fritz to be subrogated to all the rights of the defendant, was not commenced until six days thereafter. It is said, because the assignee in bankruptcy was not made a party, that the decree of the District Court of Mahaska county is a nullity. There was nothing before said court showing the bankruptcy. But it is undoubtedly true that the defendant obtained a lien on Cone's real estate at the time the transcript was filed. This was a valid and subsisting lien when Cone was adjudged a bankrupt. The material relief asked by Fritz was to be subrogated to the rights of the defendant. Whatever else was asked was either surplusage or subsidiary to this. It is difficult, therefore, to see how the assignee was prejudiced by the subrogation of Fritz in place of the defendant. But can the defendant make this objection in this collateral proceeding, if it be conceded it could have been made on appeal?

The defendant and Cone were notified in said action that Fritz claimed of " N. Cone the sum of three thousand dollars on a judgment, and asking the revivor of and renewal of said judgment, and also that the same be declared a lien on certain real estate described in said petition, and asking subrogation to the rights of the plaintiff in said judgment, being a judgment in favor of D. M. Miller, cashier of Monroe County Bank, of Albia, Iowa." The relief asked in the petition has heretofore been stated. The defendant made default. The court had jurisdiction of the parties and subject matter, and the decree entered, at most, was erroneous—it was not void.

This is so if there should have been other parties, or if the assignee in bankruptcy should have been made a party. His rights may not be cut off or affected by the decree, or the relief granted may have exceeded that to which the plaintiff was entitled; this would not render the decree void. The fact that execution was directed to issue from the District Court of Mahaska county, when the petition asked that execution should be directed to issue from the District Court of Monroe county, would be, at most, an error, but if this part of the decree is absolutely void it in no manner affects the material thing, the subrogation of Fritz for the defendant, with all the rights of the latter as they existed at the time the transcript was filed. The ruling in *Hollowell & Co. v. Dickerson*, 46 Iowa, 570, was not made in a collateral proceeding, but upon appeal. The same is true as to *Swan v. Clark*, 36 Iowa, 560, and *Stuart v. Hines & Eames*, 33 Id., 60. The authorities in this last case conclusively show, however, if there is a valid and subsisting lien in the state courts at the time the petition is filed in the bankrupt court, that such lien, whether by judgment or otherwise, cannot be assailed in the bankrupt court. See, also, *Brown v. Gibbons*, 37 Iowa, 654; *Pierce v. Wilcox*, 40 Ind., 70. When Fritz paid the judgment he became entitled to the lien and all the rights of the defendant. In fact his lien in equity then attached, and its formal establishment could well be had in the state courts, notwithstanding Cone, after the lien attached and before Fritz had commenced an action to make it a matter of record, had been declared a bankrupt.

But, as has been said, the District Court had jurisdiction of the parties and subject-matter; its judgment, therefore, cannot be attacked collaterally for any mere error committed by it. *Christian v. Russell*, 5 Wall., 290; *Bonsall v. Isett*, 14 Iowa, 309; *Shawhan v. Loffer*, 24 Id., 217, and other cases cited therein.

The District Court erred in dismissing the petition. The plaintiffs are entitled to a decree declaring the defendant's

lien under the Cone and Holsclaw judgment to be subordinate to that of the plaintiffs, and, if necessary to afford them complete relief, the sale made under said judgment should be set aside, and an appropriate decree entered authorizing and directing a sale of the real estate to satisfy such lien.

REVERSED.

OPINION ON REHEARING.

SEEVERS, J.—In response to a petition for a rehearing, filed by the appellee, we desire to say we have examined it with the care the importance of the case demands. It is urged the contract found to have been established by the evidence was not alleged in the petition.

The contract found to have been established is that the transcript of the Fritz judgment should be so filed in Mahaska county as to become a first lien on Cone's land. It is true no such contract in terms was alleged, nor did the parties use the words "first lien" when making the contract.

The important and material word, so far as time was concerned, alleged in the petition is "immediately." That in the petition states the transcript was to be filed "immediately."

Now what was meant thereby? without doubt, we think, that the transcript should be filed immediately after the judgment was rendered. Not instantly, perhaps, but within a reasonable time; and we think a jury would have been fully warranted in finding that by the use of such word the parties meant the transcript should be filed so as to constitute a first lien on the land. The court may, and should, draw inferences as to the meaning of parties from the language employed in making contracts, when the court must determine the facts, as well as a jury.

We are constrained to say that reflection has satisfied us the allegations of the petition are amply sufficient to warrant

the facts found.   It is conceded the petition should in suffi-
cient terms state the contract proved.   It is not deemed
necessary to notice the other point made in the petition. The
petition for a rehearing is

OVERRULED. [0]