JOHN A. WILBOIS et al., Appellants, v. TOWN OF RUNNELLS et al., Appellees.

**INJUNCTION:** Enjoining Act Already Performed. Injunction will be dismissed when it is made to appear that the act sought to be prohibited had been performed at the time the action for injunction was commenced.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

MAY 2, 1922.

SUIT in equity, to enjoin payment by the consolidated school district of Runnells for the expense of constructing a sidewalk. The material facts are stated in the opinion. On trial to the court, the petition was dismissed, and plaintiffs appeal.—*Affirmed.*

*Brammer, Seevers & Hurlburt,* for appellants.

*Brockett, Strauss & Shaw* and *Clark, Byers & Hutchinson,* for appellees.

WEAVER, J.—The recently established consolidated school district of Runnells includes all the territory of the town of Runnells, together with a considerable area of rural property. Pending the process of organization, the matter of selecting a site for the schoolhouse became a matter of public interest. A location was finally selected at a point about 40 rods north of

the then existing north boundary line of the town, and bordering on its west side upon an extension of Brown Street, in Runnells.    It was then the general understanding that the north boundary of Runnells was to be moved north, so as to include the schoolhouse within the town.    Later, however, the owners of the land lying immediately south of the school site became dissatisfied with the situation, and petitioned the court to exclude such lands from the corporation.    The record before us does not make it clear or explicit as to the result of such proceedings, but it seems to be taken for granted by counsel that the exclusion was accomplished, and that the north boundary of the corporation was moved a quarter of a mile south of its original location, thus increasing the gap between the school grounds and the town boundary from a matter of 40 rods to 120 rods. The extension of Brown Street which borders upon the school grounds was not paved, and not provided with a walk on either side; and while it was still supposed that the school property was within the corporate limits of Runnells, the question of providing a walk on Brown Street, some 2,011 feet to the south, was agitated, and the town authorities seem to have initiated a movement to order its construction.    Owing, however, to the confusion resulting from the dispute or uncertainty occasioned by the proceeding to relocate the boundary, and from the objections by Park and Erskin, the owners of the land on either side of the proposed improvement, this movement appears to have been halted; and an effort was then made to obtain an agreement between the town, the school district, and property owners by which the walk should be constructed and the expense distributed or apportioned between them.    Before entering into such agreement, the school board consulted the state superintendent of public instruction as to its powers and duties in the matter, and was advised that such a compromise was within the scope of its powers.    A written contract, described as ''a compromise and agreement,'' was thereupon entered into between the town, the school district, and Park and Erskin, by which, after reciting at considerable length the necessity of the walk to proper access to the school, and to avoid the increased expense to the district for transportation of pupils and teachers from

the town to the schoolhouse, and other advantages to be derived from such walk, it was provided that the town should forthwith proceed to construct the walk from the northern terminus of the existing walk on Brown Street, at or near the corporation line, to a point opposite the west entrance to the school building, the entire cost of such walk to be borne primarily by the town. Park and Erskin, on their part, each agreed to pay the sum of $200 into the town treasury, in lieu of any special assessment on their farm lands. They further agreed that the proceeding in court upon their application to have their lands severed from the corporation should be held in abeyance until after the construction of the walk was completed. Subject to the payment of said sum of $400, the remainder of the cost and expense incurred by the town in providing the walk was to be "assessed to and paid by the district as a proper and agreed apportionment of the expense of such construction according to benefits." It was further provided that, upon completion of the walk and payment of the expense as provided, the district shall "stand exonerated from any duty to provide transportation to the school building for pupils or teachers residing or boarding within the incorporated territory of said town."

Acting upon this agreement, the town proceeded with the construction of the walk. Park and Erskin paid into the town treasury the sum of $400, as provided in the contract, and the school district also had contributed its agreed proportion of such expense, amounting to $1,100, before this action was brought. While the work of construction was in progress, and something more than half completed, this action was brought by the three plaintiffs, Wilbois, Winfrey, and Watkins, as citizens, residents, and taxpayers of the consolidated school district, alleging that the contract hereinbefore referred to is illegal and void, and praying that injunction issue restraining its performance and restraining the district from paying, agreeing to pay, or causing or allowing to be paid, any moneys belonging to the school district for the construction of said sidewalk; and that, on final hearing, the contract be canceled and set aside; and for general relief. A temporary injunction was issued, and the work temporarily suspended, until resumed under the following:

"Stipulation.

"It is hereby stipulated and agreed by and between the parties hereto that, if the defendants, or any of them, proceed with the building of the sidewalk involved, that no contempt proceedings will be instituted against them, and that plaintiffs will not complain thereof. It is further understood and agreed that the construction of said sidewalk shall be without prejudice to the rights of the plaintiffs in this action, and that, on the hearing of this case, the same shall be decided as though the conditions remained the same as they were at the time injunction herein was issued. This stipulation in no manner authorizes the use of the moneys of the said school district for the construction of said sidewalk."

Answering the petition, defendants (1) deny that plaintiffs show any such right or interest in the matter complained of as entitled them to maintain the action; (2) allege that the contract mentioned was in the nature of a compromise in good faith of the conflicting rights and claims of the several parties thereto; (3) allege that the acts sought to be enjoined had already been performed, and the payments of money sought to be enjoined had already been made, before this action was begun; and (4) deny all allegations of the petition not expressly admitted.

In October, 1919, after this action had been pending some two months, several other citizens and taxpayers of the school district came into the case by intervention, and united with plaintiffs in their demands for relief.

The evidence offered on the trial tends to establish the material facts already recited. It was admitted of record that the contract sought to be set aside was made substantially as alleged, and was never submitted to the voters of the district; that the amount agreed to be paid by the district as its contribution to the expense of the walk had been fully paid before this suit was brought, as were also the agreed contributions by Park and Erskin; that, of the money so paid, all the amount contributed by Park and Erskin and $200 of the amount contributed by the district have been expended by the city; and that the walk has been fully completed. The evidence concerning the muddle in

which the location of the school was involved need not be recited, further than to say that it quite clearly appears that everyone concerned at that time believed or took for granted that the school site selected and built upon was within the limits of the town, and that the controversy since arising has grown out of this misunderstanding. Of the material questions of law involved in the issues raised by the pleadings, are the following:

I.   The substance of the charge in the petition is that the contract complained of is absolutely void in its provision on the part of the school district to contribute to the payment for the walk; and that, unless enjoined, the district will pay out the amount so agreed upon, to the irreparable injury and damage of said school corporation. To this, among other things, it is answered that, before this suit was brought, the contract had been fully performed by the district, and the promised contribution to the cost of the walk had been fully paid. If this be true, and the fact of such payment is admitted, it would seem to be a complete bar to the plaintiffs' action. Injunction is a preventive remedy, and if its application is delayed until the act sought to be restrained has been done, equity will not interfere. See 1 High on Injunctions (4th Ed.), Section 23, where it is well said:

"The appropriate function of the writ of injunction is to afford preventive relief only, and not to correct injuries which have already been committed, or to restore parties to rights of which they have already been deprived. It is not, therefore, an appropriate remedy to procure relief for past injuries, and it is only to be used for the prevention of a future injury actually threatened, and to prevent the perpetration of a legal wrong for which no adequate remedy can be had in damages."

Now in this case, as will be seen, it was the town which undertook the responsibility of constructing the walk, a fact of which the plaintiffs cannot and do not complain. The ground of their complaint is that the district was without authority to contribute its agreed proportion to the reimbursement of the town for the expense so incurred; and the injunction was sought to prevent such payment. The writ so procured is not in the record submitted to this court, but we may assume that it fol-

lowed the prayer of the petition to restrain defendants "from paying, agreeing to pay, or causing or allowing to be paid any moneys belonging to the consolidated school district of Runnells for the construction of said sidewalk, directly or indirectly." But it transpires that, when this writ issued, the town had proceeded with and more than half completed the construction of the walk, and that the school district and Park and Erskin had paid in full their contribution to the expense according to the terms of the contract complained of, and that there was nothing left for the injunction to operate upon. The "moneys belonging to the school district" which plaintiffs sought to keep in the district treasury were not there. They had been paid out and expended. If such expenditure was unlawful, the law afforded ample remedy for the alleged wrong, but afforded no ground for injunctive relief. The fact, if it be a fact, that the town had not yet fully completed the work, or had not yet expended thereon an amount equal to all the contributions made by the district and others, we think is not material. The moneys paid to the town had ceased to be moneys belonging to the district, and the trial court did not err in refusing to make the injunction permanent.

II. Counsel have given much attention to the question whether the district has power or authority to incur the expense contemplated by the contract for construction of the walk. The issue of law thus suggested is an important one; but, in view of our conclusion already announced, that the trial court properly refused the plaintiffs' demand for equitable relief, there seems to be nothing left in the controversy presented by the pleadings, calling for our determination of the moot question.

The judgment appealed from is, therefore,—*Affirmed.*

Stevens, C. J., Preston and De Graff, JJ., concur.