C. K. GUNNAR et al., Appellants, v. TOWN OF MONTEZUMA et al., Appellees.

No. 45240.

JUNE 18, 1940.

Bradshaw, Fowler, Proctor & Fairgrave, H. A. Steele, and Clyde McFarlin, for appellants.

W. L. Hassett, C. F. Dickson, E. W. McNeil, and R. W. Boyd, for appellees.

J. E. Scovel, for intervener-appellee.

MILLER, J.—This is an action in equity seeking to enjoin the town of Montezuma and its council from entering into a proposed contract for the construction of a municipal electric light plant and power system pursuant to the Simmer Law, from constructing the proposed improvement and from issuing, pledging, selling or delivering revenue bonds in payment of the same. Numerous grounds were asserted by the plaintiffs as the basis for their claim that the proposed contract is invalid. Trial was had, resulting in a decree for the defendants, from which the plaintiffs appeal.

The principal ground for reversal asserted by the appellants here is directly analogous to the assertion which we sustained in the case of Weiss v. Town of Woodbine, 228 Iowa 1, 289 N. W. 469. If we are to adhere to the decision there made, the decree herein appealed from is erroneous. The appellees recognize the controlling effect of that decision and earnestly endeavor to persuade us to refuse to adhere to it. A majority of the court, however, is disposed to follow the Woodbine case. Accordingly, it is necessary to and we do hold that the decree herein appealed from is erroneous.

Appellees contend, however, that the procedure followed by the appellants herein differs from that pursued in the Woodbine case and urge that the failure to follow such procedure is fatal to the right to have the appeal determined by this court. Accordingly, appellees have moved to dismiss this appeal.

In the Woodbine case, the successful bidder, Fairbanks-

Morse & Company, was made a party to the proceedings in addition to the town and its officials. When a decree was entered dismissing the petition, the plaintiffs promptly applied to this court and secured a stay of proceedings pending the appeal, filing a stay bond in the sum of $25,000. By virtue of such stay, the contract was not performed and the improvement could not be constructed. When the matter was finally presented to us for decision, we could and did decide the case on its merits.

In this case, the successful bidder was also Fairbanks-Morse & Company. However, it was not made a party to the proceedings. When a decree was entered dismissing the petition, the appellants did not apply for a stay order. The decree was entered August 18, 1939. Simultaneously with the entry of the decree, the contract for the construction of the improvement was executed by the town and Fairbanks-Morse & Company. The construction work was promptly commenced. During the course thereof, on November 10, 1939, notice of appeal was served and filed. By January 13, 1940, the construction work was substantially completed, but no bonds had been issued in payment of the work. At that time, appellants made application for a stay order, and, on January 15, 1940, an order was entered restraining the appellees from accepting the work done on the contract, doing any act of use or occupancy which might be construed as an acceptance of the same and issuing or delivering any revenue bonds to Fairbanks-Morse & Company in payment of the contract price. As a condition to such stay order, appellants filed a bond in the sum of $15,000. The completion of the project was not prevented by the stay order. The construction work was completed about February 1, 1940. Thereafter proceedings were had in this court to secure a clarification of the stay order, as a result of which, completion of the project was recognized, but the appellees were specifically restrained from entering into any arrangement for the operation of the plant, pending a decision by this court.

One of the grounds of the motion to dismiss is the assertion that the questions presented by the appeal are now moot.

This court has repeatedly recognized that injunctive relief cannot be had where the threatened action has become an accomplished fact. Wilbois v. Town of Runnells, 193 Iowa 789, 187 N. W. 855; Munn v. Independent School District, 188 Iowa 757, 769, 176 N. W. 811; Horrabin v. City of Iowa City, 160 Iowa 650, 654, 130 N. W. 150, 152, 142 N. W. 212. Pursuant to the rule announced in such cases, insofar as appellants seek to enjoin the execution of the contract and the construction of the improvement, appellees' position is well grounded. The threatened action, which appellants seek to enjoin, has become an accomplished fact. Any claim for injunctive relief in regard thereto is now moot.

However, appellants also seek to enjoin the issuance of revenue bonds in payment of the contract price. In the proceedings had to secure a stay order herein, it was stipulated that no revenue bonds have as yet been issued and the issuance of such bonds has been stayed by order of this court, entered as aforesaid. In the case of Miller v. Town of Milford, 224 Iowa 753, 772, 276 N. W. 826, 835, 114 A. L. R. 1423, we state:

"Plaintiffs sought not only to restrain the building of the plant, but also prayed that the defendants be restrained from performing the contract in any manner, from paying the pledge warrants, from paying the purchase price of the plant, from operating the plant and doing anything in the further attempted performance of the contract.

"A question is not moot if there remains anything on which a decision of the court can operate. The fact that the plant has been built would not preclude plaintiffs from restraining the operation of the plant and doing acts remaining to be done under the contract if the contract were void. Iowa Electric Company v. Town of Winthrop, 198 Iowa 196, 198 N. W. 14."

Pursuant to the above pronouncement, it is apparent that the issue in reference to enjoining the issuance of revenue bonds in payment for this improvement is not moot. That

question is still before us for decision. However, appellees contend that the issuance of such revenue bonds cannot be enjoined unless a determination is made that the contract is void; the contractor, Fairbanks-Morse & Company is an indispensable party to an adjudication on the validity of the contract; since Fairbanks-Morse & Company is not a party to the proceedings, the court has no jurisdiction of the subject-matter and hence the appeal should be dismissed. We find no merit in such contention of appellees.

This court has recognized that the contractor for a public improvement such as this is an indispensable party for an adjudication on the validity of the contract. Tod v. Crisman, 123 Iowa 693, 699, 99 N. W. 686, 689. Under the contract herein, Fairbanks-Morse & Company is required to accept all of the revenue bonds. Accordingly, it is obvious that Fairbanks-Morse & Company should be a party to any proceedings wherein an adjudication is sought to determine that the contract is void and to perpetually enjoin the issuance of any revenue bonds pursuant thereto. However, we have repeatedly held that a defect of parties is not jurisdictional. Fulliam v. Drake, 105 Iowa 615, 620, 75 N. W. 479, 480; Coe v. Anderson, 92 Iowa 515, 516, 61 N. W. 177; Bouton v. Orr, 51 Iowa 473, 475, 1 N. W. 704, 705. Ordinarily, non-joinder of necessary parties must be raised by demurrer. Section 11141, Code of Iowa. Anderson v. Acheson, 132 Iowa 744, 759, 110 N. W. 335, 340, 9 L. R.A., N. S., 217; Kirkwood v. Perry Co., 178 Iowa 248, 255, 159 N. W. 774, 776; Lenoch v. Yoss, 157 Iowa 314, 315, 136 N. W. 542. Pursuant to these authorities, ordinarily, if a defect of the parties is not raised by demurrer, it will be deemed waived.

This action is in equity, triable de novo in this court. For us to determine the controversy, we should have all indispensable parties before us. In the case of Tod v. Crisman, supra, we held that a defect of indispensable parties might be raised for the first time on appeal. We have also held repeatedly that, in an action in equity triable de novo, where it appears that indispensable parties are not in court, the better practice is to remand the case with leave to bring in the necessary

parties. Whitmer v. Board of Directors, 210 Iowa 239, 244, 230 N. W. 413, 415; Swan v. Clark, 36 Iowa 560, 562; Parshall v. Moody, 24 Iowa 314, 319; Crosby v. Davis, 9 Iowa 98, 100. We think such procedure should be followed herein.

By reason of the foregoing, the motion to dismiss is overruled, the decree appealed from is reversed, the cause is remanded with instructions to temporarily stay the issuance of revenue bonds in payment of the improvement involved herein, with leave to plaintiffs to make the contractor and any other indispensable party a party to the proceedings so that a final determination on the merits may be had herein in conformity with the views expressed in this opinion.—Reversed and remanded with instructions.

SAGER, STIGER, BLISS, and OLIVER, JJ., concur.

RICHARDS, J., dissents.