C. K. GUNNAR et al., Appellants, v. TOWN OF MONTEZUMA et al., Appellees.

No. 45437.

December 10, 1940.

McFarlin & McFarlin, for appellants.

W. L. Hassett, C. F. Dickson, E. W. McNeil, and R. W. Boyd, for appellees other than Fairbanks Morse & Company.

736

Poppenhusen, Johnston, Thompson & Raymond, for appellee Fairbanks Morse & Company.

BLISS, J.—The historical background may aid to a better understanding of the matters involved. The corporate plaintiffs, under a franchise with the Town, for several years had produced and distributed electric energy to the Town and its residents, from the plant and distribution system of said plaintiffs. Necessarily, they had invested considerable capital in the business. The franchise expired, by its terms, in June 1938, but they have continued to furnish full service to their patrons. In March 1939 the Town called a special election on the proposition of constructing a municipal electric light plant to be paid for out of the earnings at a cost not to exceed $136,000. The proposition carried, and the necessary proceedings to put it into effect were had. A contract for the construction of the plant at a price of $130,779 was entered into with Fairbanks Morse & Company. A suit, at once brought by these same plaintiffs, to enjoin the performance of the contract, resulted adversely to them, and they appealed to this court. In the meantime, the work of construction was continued until the plant was completed about February 1, 1940. A court stay order had been procured against the issuance of any bonds, or operation of the plant. Also, during this time, the electors twice voted upon the proposition of extending a new franchise to these plaintiffs, but it failed to carry. Thereafter, the mayor refused to call any further elections on the proposition. On June 18, 1940, this court held in Gunnar v. Montezuma (228 Iowa 581, 293 N. W. 1) that the contract was void because the specifications did not permit full competitive bidding, but remanded the case so that Fairbanks Morse & Company could be made a party in order that a final decree might be rendered. On July 12, 1940, Fairbanks Morse &. Company made written offer to the Town to cancel the pending contract, and to sell the completed plant and distribution system with all equipment to the Town, and to accept in payment therefor revenue bonds of the Town, payable, only out of the plant earnings, in the amount of $123,900, at 3½ percent, maturing serially in the years 1943 to 1958, inclusive. The Town accepted both offers by resolutions on July 17 and July 25, 1940. An an-

swer was filed in the pending litigation alleging these matters, thus making the issues therein moot. In the meantime, an election had been called by the Town to submit to the voters the proposition of purchase, as above stated, at a price not to exceed $126,-000. The proposition carried, on July 24, 1940, by a vote of 562 to 391. The next morning the town council met, and after canvassing the vote with the result stated, a resolution was adopted again accepting the offer of sale, authorizing the issuance of revenue bonds, to be paid solely out of the plant earnings, in the sum of $126,000, of which $124,000 were to be delivered to Fairbanks Morse & Company. The resolution provided that the bonds were not a general obligation of the Town and were not to be paid in any manner out of taxation. It also provided the maximum rates to be charged consumers for electric energy during the life of the bonds. A contract was entered into with Fairbanks Morse & Company evidencing the sale, the bonds were delivered, and the company executed a deed to the property complete, and gave possession thereof. A check of $100 was delivered to the Town to make the purchase price $123,900.

This suit was then brought and decree entered denying the relief. The Simmer law has been before this court several times in its comparatively short life, but none of those decisions helps us much in this case. In all of them, the transaction involved proceedings for the construction of utility plants. This is the first time proceedings involving the purchase of an existing plant have come before us.

Appellants urge five propositions in support of their appeal for a reversal. We will pass upon them separately.

■■ I. The first matter complained of is that there was no notice given of a hearing, nor any hearing had upon the matter of the contract of purchase, as provided for by 1939 Code section 6134.08 et seq., and that the contract is, therefore, void. These sections are as follows:

"6134.08 Notice of proposed contract—publication. Before any municipality shall enter into any such contract as provided in section 6134.01, for the establishment of a plant, or for the extension or improvement of an existing plant, to cost five thousand dollars or more, the governing body proposing to make

such contract shall give thirty days notice of its intention to adopt proposed plans and specifications and proposed form of contract therefor, by publication once each week for two consecutive weeks in some newspaper of general circulation in the municipality and also in some newspaper of general circulation in the state of Iowa, the first publication of which shall be at least thirty days prior to the time of hearing fixed in said notice.''

''6134.09 Contents of notice. Such notice shall state as nearly as practicable the extent of the work; the kind of materials for which bids will be received; when the work shall be done; the time when the proposals will be acted upon; and shall also provide for competitive bids for the furnishing of electrical energy, gas, water or heat.''

''6134.10 Execution of contract. Pursuant to said notice and at such time and place as is fixed therein the governing body shall consider the said plans and specifications, form of contract, and offers and propositions submitted in connection therewith, also any bids for the furnishing of electrical energy, gas, water, or heat, together with any objections thereto by an interested party, and at such hearing or any adjournment thereof, shall have the power to adopt such offer or offers, propositions, or bids, and enter into such contract or contracts, as they shall deem to be to the best interest of the municipality.''

''6134.11 Record of proceedings. The clerk or recorder of said municipality shall keep a written record of the proceedings which shall contain a record of the bids or propositions offered, the names of the persons submitting the same, and names of any person or persons appearing as objectors thereto, with a brief statement of such objections, and a record of all actions of the governing body with relation to such proceedings.''

These sections speak for themselves, and elaboration upon their language does not add greatly to its clarity, nor to the apparent intention of the legislature. Section 6134.08 refers specifically to the contracts mentioned in section 6134.01, and the words ''any such plant'' in the latter section refer to the plants which cities and towns may ''purchase, establish, etc.'' as provided in section 6127. Appellants, therefore, argue that section 6134.08 et seq. must be complied with in a proceed-

ing to purchase an existing plant, as well as when the transaction is one to construct a plant. Strictly and grammatically speaking, there is support for their contention, but these sections clearly indicate, upon their face, that the contracts referred to therein are construction contracts. They specifically refer to "proposed plans and specifications and proposed form of contract *therefor*." They refer to "the extent of the work; the kind of materials * * * ; when the work shall be done," and for competitive bids. All of these matters have to do with a construction transaction. They have no application to a plant, fully constructed and open to the inspection of every voter, which a majority of the electors have already voted to purchase. In such a situation, there can be no competitive bidding. Appellants insist that the word "establishment" as used in section 6134.08 includes acquisition by purchase. We may concede that its meaning is that broad, but we believe that word was intended to be used in its narrower sense of, "to bring into being, create, build, set up, etc.," in this section. Such a meaning is consistent with the entire context of the sections. It is our judgment that the proceedings relative to the making of the contract were not violative of any statutory provisions.

II. Appellants contend that sections 6134.01 to 6134.11, inclusive, do not authorize the payment of the purchase price of an existing completed plant out of earnings. We are constrained to disagree with appellants on this matter. Section 6127 expressly gives authority to *purchase*. Section 6134 gives authority to issue bonds to pay the purchase price, and section 6134.01 et seq., the Simmer law, clearly provides for those bonds to be paid solely from the earnings of the plant, and for their delivery to the "contractor or contractors in payment for such improvement." To insist, as appellants do, that the word "contractor" may not include a vendor, is putting too narrow a construction upon the word. Certainly one who enters into a contract to sell a light plant may properly be referred to as a "contractor."

III and IV. In these divisions, appellants urge that sections 6134.01 to 6134.11, inclusive, are too vague, indefinite and uncertain to authorize the purchase of an existing plant,

or payment therefor by revenue bonds. What we have said in Division II hereof, we believe, refutes this claim.

V. Appellants insist that since this court held that the original construction contract between the town and Fairbanks Morse & Company was void, the plant built under it cannot be purchased by the Town, in the manner in which it was done. In our judgment, the manner in which the plant came into being is immaterial, under the circumstances, and does not defeat the contract of purchase.

We appreciate the hardship which a proceeding of this kind may cause appellants, but it is a condition which may arise when a municipality decides to own and operate a public service business which has been furnished by private enterprise. The judgment and decree is affirmed.—Affirmed.

RICHARDS, C. J., and STIGER, MITCHELL, OLIVER, MILLER, and HAMILTON, JJ., concur.

SAGER, J., dissents.