**STATE of Iowa ex rel. the IOWA AIR POLLUTION CONTROL COMMISSION, Appellant,**

v.

**CITY OF WINTERSET, Appellee.**

No. 2–56318.

Supreme Court of Iowa.

June 26, 1974.

Richard C. Turner, Atty. Gen., Clifford E. Peterson, Asst. Atty. Gen., and John R. Dent, Asst. Atty Gen., for appellant.

Jerrold B. Oliver, of Webster, Jordan & Oliver, Winterset, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP, and HARRIS, JJ.

HARRIS, Justice.

An action was brought to enjoin a municipality from burning refuse and was pending when the legislature revised existing environmental statutes. The new enactment contains substantially the same provisions prohibiting the burning of refuse. The trial court held the action abated by the simultaneous repeal and reenactment of the applicable statutes. We reverse and remand.

On April 21, 1972 the 64th General Assembly, Second Regular Session, passed the department of environmental quality act (chapter 1119, Acts of the 64th G.A.). In addition to creating the department, the act gathered into one chapter (455B, The

Code, 1973) all statutes relating to environmental matters. Among the statutes so gathered was the air pollution control law, originally enacted as chapter 162, Acts of the 62nd G.A. The air pollution control law appeared as chapter 136B, The Code, 1971. It appears in substantially the same form as §§ 455B.10–455B.29, The Code, 1973. Under the later act the air quality commission functions exactly as did the Iowa air pollution control commission under former chapter 136B, The Code, 1971. Procedures are almost identical with regard to prevention, abatement and control of environmental problems except for minor changes in enforcement procedures. The only difference between the present and past law with regard to air pollution is an increase of the maximum penalty from $200 per day to a maximum of $500 per day for each violation of a final order.

This action, filed July 13, 1972, seeks both temporary and permanent injunctions against the City of Winterset prohibiting them from burning refuse. It also seeks the assessment of a $200 per day fine for each violation of a final order. Such an order was issued by the Iowa air pollution control commission pursuant to chapter 136B, The Code, 1971. The action was pending on January 1, 1973, the effective date of chapter 455B. The trial court ruled the action abated by reason of the repeal of chapter 136B, The Code, 1971. This appeal is brought by the State which argues the pending action was unaffected by the statutory revision.

I. Both the State and defendant city cite and argue the effect of the general savings statute and well settled principles which deal with repeal of statutes.

Chapter 455B contains no express savings clause. However Iowa, in common with a majority of states, has a general savings statute. § 4.1(1), The Code. We have interpreted § 4.1(1) to be applicable to all repealing statutes. State ex rel. Ackerly v. Shepherd, 202 Iowa 437, 210 N.W. 476. It applies to civil actions, Wilson v. Wilson, 197 N.W.2d 589 (Iowa 1972), as well as criminal prosecutions, State v. McGranahan, 206 N.W.2d 88 (Iowa 1973). Our interpretation of the general savings statute is the prevailing view. Sands, Sutherland Statutory Construction, Fourth Ed., § 23.37, page 286.

Part of the relief sought was injunctive. An injunction operates in futuro. It is a preventive remedy granted against threatened future acts. See 42 Am.Jur.2d, Injunctions, § 4, pages 730–731. Where events occur after the filing of a petition which render an injunction unnecessary or ineffectual it is ordinarily refused. 43 C.J.S. Injunctions § 29B, pages 460–461. Gunnar v. Town of Montezuma, 228 Iowa 581, 293 N.W. 1. The briefs thus focus upon the effect of the general savings statute as it separately applies to the prayer for injunctive relief and the application for assessment of a fine.

II. It is unnecessary for the State to rely on the general savings statute because a special rule preserves its right to proceed. The simultaneous repeal and reenactment of all or part of a legislative act is a situation very distinct from simple repeal. We approve the following:

"Where a statute is repealed by a new statute which relates to the same subject matter, and which re-enacts substantially the provisions of the earlier statute, and the repeal and re-enactment occur simultaneously, the provisions of the original statute which are re-enacted in the new statute are not interrupted in their operation by the so-called repeal; they are regarded as having been continuously in force from the date they were originally enacted. Thus, it is said that the simultaneous repeal and re-enactment of substantially the same statutory provision is to be construed, not as a true repeal, but as an affirmation and continuation of the original provision. All rights and interests arising under the original statute are therefore preserved; by the same token, liabilities which have arisen

**552**

under a statute are not affected by its repeal and re-enactment. Where a statute has been repealed and substantially re-enacted by a statute which contains additions to or changes in the original statute, it follows that while the re-enacted provisions are deemed to have been in operation continuously from the original enactment, the additions or changes are treated as amendments effective from the time the new statute goes into effect." 73 Am.Jur.2d, Statutes, § 391, page 509. See also 82 C.J.S. Statutes § 276(d), page 468. Annot., 77 A.L.R.2d 336.

The legislature obviously did not intend to abate pending actions. § 455B.-29, The Code, 1973, expressly preserves rules, orders or variances issued under the former chapter. The simultaneous repeal and substantial re-enactment of the governing statute was not, under the authority quoted, a true repeal. The pending action was not abated. Any penalty assessed upon remand will of course not exceed the amounts specified in the former chapter.

III. Affirmance is sought by defendant city on the additional claim the statute is unconstitutional. This affirmative defense was not reached by the trial court because it believed the case was controlled by its ruling the statute abated. It is claimed § 136B.4(3), The Code, 1971, was an unconstitutional delegation of legislative power. The section authorized the Iowa air pollution control commission "to adopt, amend and promulgate rules and regulations pertaining to the evaluation, abatement, control, and prevention of air pollution consistent with the intent and purpose of this chapter * * *." A similar provision appears as § 455B.12(2), The Code, 1973.

Notwithstanding article III, § 1, Constitution of Iowa (separation of powers) the legislature can delegate to an administrative body authority to make rules and regulations for the purpose of carrying out the objectives of a statute. State v. Watts, 186 N.W.2d 611 (Iowa 1971). We have considered the power of the legislature to delegate rule making authority in a number of cases. The test of such power was detailed in Elk Run Telephone Co. v. General Telephone Co., 160 N.W.2d 311 (Iowa 1968). See also Grant v. Fritz, 201 N.W.2d 188, 192–193 (Iowa 1972).

We believe the rule making authority here involved can withstand the challenge it is an unconstitutional delegation of power. Adequate guidelines are contained in the legislation. There are sufficient procedural safeguards. See §§ 136B.9 and 136B.10, The Code, 1971, and §§ 455B.17–455B.21, The Code, 1973.

IV. The appendix on appeal does not include any evidence offered at trial. Hence it is inappropriate for us to enter final judgment upon a de novo review. The case is remanded for reconsideration in the light of this opinion.

Reversed and remanded with directions.