BOUTON v. ORR ET AL.

1. **Ejectment :** FAILURE OF TITLE.  A plaintiff in ejectment claiming title through a deed adjudged to have been fraudulently obtained, it was *held* that he could not recover.

2. **Parties :** DEFECT OF : PRACTICE.  A defect of parties, not having been assailed by demurrer, is deemed to have been waived.  Whether or not an objection to parties made in a reply would be sufficient, *quære*.

*Appeal from Mills Circuit Court.*

SATURDAY, JUNE 14.

ACTION to recover real estate.   The answer alleged that a certain conveyance from Julia A. Tevis, which constituted a link in the chain of the plaintiff's title, had been fraudulently obtained, and that Mrs. Tevis had subsequently conveyed the premises to one of the defendants.   The relief asked was that said conveyance be set aside, and that defendants have such further relief as is consistent with equity.   There was a trial to the court and judgment for the defendants.   The plaintiff appeals.

*Hale, Stone & Proudfit*, for appellant.

*Watkins & Williams*, for appellees.

SEEVERS, J.—The facts are that the premises in controversy were at one time owned by John Tevis, who died in 1861. After his death the real estate was sold for delinquent taxes due thereon, and in pursuance of the sale the county treasurer conveyed the same to Raynolds, he to Johnson, and the latter to Julia A. Tevis, widow of John Tevis.

**1. EJECTMENT: failure of title.**

The defendants claim that John Tevis, by will, devised the premises in controversy to his children, one of whom is Belle C. Speed. The will never was proved or admitted to probate in this State. The other children of John Tevis conveyed the premises to Mrs. Speed. There were four hundred acres originally owned by John Tevis. Eighty acres were conveyed by Mrs. Speed to the plaintiff, and the land in dispute was conveyed by her to one of the defendants in 1873.

In 1876 the plaintiff's husband discovered the outstanding tax title to both tracts. The plaintiff had given a mortgage to Mrs. Speed, and declined to pay the same unless Mrs. Tevis conveyed to the plaintiff. Negotiations leading to this result were commenced, and finally Mrs. Tevis conveyed the premises in controversy to the plaintiff. This conveyance, we are satisfied, was obtained by means of fraudulent representations made by the plaintiff's husband, as her agent, said representations being the inducing cause of the execution of the deed. It is not deemed necessary to set out the evidence on which our opinion is based, because a careful examination of appellant's argument leads to the conclusion that it is not claimed by her counsel the conveyance was fairly obtained. A reversal of the judgment below is not sought on the ground that defendants had failed to establish the fraud. Other grounds are relied on, which we will proceed to notice.

It is insisted that, because the will of John Tevis had never been proved or admitted to probate in this State, the defendants, as grantees of Mrs. Speed, did not obtain title by the conveyance made by her. Whether this be true or not we do not determine, but the claimed proposition will be conceded.

Bouton v. Orr.

The material question is whether the plaintiff has title; for she must succeed on the strength of her title, and not by reason of the weakness of the title of the defendants. The court below must have found that the conveyance made by Mrs. Tevis to the plaintiff was void, because it had been fraudulently obtained, and that it should, therefore, be set aside. In this view we concur. Such being the case the Circuit Court rightly determined the plaintiff could not recover.

Besides this, Mrs. Tevis, subsequently to the time she conveyed to the plaintiff, conveyed the premises in controversy to one of the defendants, so that the latter was vested with the title of Mrs. Tevis. But for this latter conveyance the title would have been in Mrs. Tevis.

It is insisted that Mrs. Tevis is not a party to this suit, and that the relief sought by the defendants could not, therefore, be granted. That she was a necessary party we strongly incline to believe. But we incline to think such objection is made for the first time in this court. It certainly was not made by demurrer or motion in arrest of judgment. That there is a defect of parties is a ground of demurrer. Code, § 2648. The answer of the defendant asked affirmative relief, and was sufficient as a cross-petition, and sufficiently stated a cause of action, when not assailed by either motion or demurrer. By failing to demur to the answer or cross-petition the objection that there was a defect of parties must be deemed waived. At least this is true when, in addition to this, the objection was not insisted on by answer to the cross-petition. Code, § 2650. Possibly, if the objection had been made in the reply which was filed, it would have been sufficient, but the reply consisted merely of a general denial.

2. PARTIES: defect of: practice.

For the reasons above stated the judgment of the Circuit Court must be

AFFIRMED.