## LILLIE v. CASE.

1. **Vendor and Vendee**: CONTRACT: TAXES. Where the specific performance of a contract for the conveyance of land was decreed, it was held that the vendor should be allowed a lien for money expended by him in payment of delinquent taxes accruing on the land during the time the vendee had possession and use of the property under the contract.

2. **Pleading**: DEFECT OF PARTIES: WAIVER. Where the objection that there is a defect of parties is not taken by demurrer or answer, it will be deemed waived.

*Appeal from Chickasaw Circuit Court.*

MONDAY, JUNE 21.

THE plaintiff brings this action for the enforcement of the specific performance of a contract entered into by letter for the conveyance of two hundred acres of land. The cause was referred to W. A. Hoyt Esq. Upon the filing of the referee's report a decree was entered for the plaintiff as prayed. The defendant appeals.

*Hand & Spriggs* and *J. S. Root*, for appellant.

*J. W. Kellogg, Lawrence & Perrin* and *L. L. Ainsworth*, for appellee.

DAY, J.—I. The defendant complains of the action of the court in striking from the answer several paragraphs, on the motion of the plaintiff. The paragraphs stricken out contain mere personal demands in favor of defendant against the plaintiff, having no connection whatever with the alleged contract for the conveyance of the land. They were properly stricken out.

II. The defendant also complains of the action of the court in striking out certain portions of the defendant's deposition. The parts stricken out for the most part relate solely to the matters stricken out of the answer. We need not determine whether any part of the deposition was suppressed

which should be considered, for we are of opinion that if the entire deposition be considered no modification should, on account thereof, be made of the facts reported by the referee.

III.   We have examined the evidence with care.   In our opinion it supports the finding of facts submitted by the referee.   The facts found and reported by the referee are as follows:

" 1.   That on or about the 27th day of May, 1867, a written contract was entered into by and between the defendant E. W. Case as the guardian of certain heirs of one Amos Prescott, deceased, of the one part, and the plaintiff in this action and Fannie A. Lillie, his wife, of the other part, of which the following is a copy, to-wit:

" WATERBURY, May 27, 1867.

" This may certify that we agree to provide for, feed, and clothe, and school, in a good and respectable manner, the minor heirs, four in number, of Amos Prescott, late of Waterbury, for the sum of two hundred dollars per year, so long as their guardian may think it best and advisable, or until they shall become of age, and in case of sickness we are to pay all expenses thereby incurred.

R. D. LILLIE.
FANNIE A. LILLIE.
E. W. CASE, Guardian.

" 2.   That at the time of the commencement of this action none of the heirs of said Amos Prescott had become of age; neither had the said E. W. Case rescinded said contract.

" 3.   That the plaintiff in this action and his said wife entered upon the performance of said contract, and did provide for, feed, clothe and school said minor heirs in substantial compliance with said contract until 1872, when Lydia Jane Prescott, the eldest of said heirs, left said plaintiff and has not been provided for by him since said time; that plaintiff provided for the remaining three of said heirs under the provisions of and as agreed in and by said contract until

March, 1873, when Harvey J. Prescott, one of said heirs, left the said plaintiff; that the said Lydia Jane and Harvey J. left this plaintiff voluntarily and not for want of proper care; that after said last mentioned date plaintiff continued to provide for the two remaining minor heirs in compliance with the terms of said contract until the commencement of this suit.

"4. That by virtue of his performance of said contract the said plaintiff became entitled to recover of said E. W. Case, as guardian, the sum of $918.86 up to the 1st day of January, 1872, being the time he provided for all of such heirs under said contract; and to the further sum of $175.00, being for providing and caring for the remaining three of said minor heirs, up to the 1st day of March, 1873, and to the further sum of $58.74, being for the providing for the remaining two of said heirs from said 1st day of March, 1873, until October 4, 1873, the date of the commencement of this action, amounting in the aggregate to the sum of $1,152.60.

"5. That since the making of said contract the said E. W. Case has paid to said plaintiff the sum of $447.50, as follows: On January 6, 1868, $200.50; November 23, 1868, $50; on January 26, 1869, $50.50; on October 7, 1870, $45.50; on September 20, 1871, $50.50, and on October 7, 1872, $50; that of this amount the said E. W. Case was indebted to the said plaintiff in the sum of $256, being proceeds of two horses and a mowing machine, the property of plaintiff received by said Case, less the reasonable costs and charges of selling the same; that the difference between the money thus paid to plaintiff and the proceeds of said property, which difference is the sum of $191.50, should be credited to said Case on the sum to which plaintiff became entitled by the keeping of said minor heirs as aforesaid; that the said Case is not entitled to any additional credit on such contract for any cause whatever, except as hereinafter reported.

"6. That on or about the 15th day of July, 1867, the defendant E. W. Case became the owner by purchasing the

same for $800 of the real estate in controversy in this action, to-wit: the east half of the northeast quarter of section eleven (11); the northwest quarter of the northeast quarter of section eleven (11); the northeast quarter of the northwest quarter of section eleven (11); and the southeast quarter of the southeast quarter of section two (2), all in township ninety-five (95) north, of range fourteen (14) west, in Chickasaw county, Iowa.

"7. That prior to said 15th day of July, 1867, negotiations were entered into verbally and by letter by and between the plaintiff herein and said E. W. Case, by which it was agreed that the latter should buy the said real estate for the benefit of the plaintiff, who should have the privilege of paying for the same in taking care of said minor heirs under said contract.

"8. That after said Case became the owner of said real estate it was agreed by letter between him and the said plaintiff that the said Case should sell to the latter the real estate hereinbefore described at and for the price of $800, which said plaintiff agreed to pay therefor; and which, by the terms of the contract, was to be paid for in providing for said minor heirs according to the terms of said agreement of May 27, 1867.

"9. That in pursuance of said contract—so made as stated in the 7th and 8th paragraphs of this report, and of each of them—the said plaintiff entered upon the said real estate, erected a house and made other improvements thereon, and continued in a peaceable and uninterrupted possession thereof down to the time of the commencement of this action.

"10. That by virtue of his performance of the contract of. May 27, 1867, as hereinbefore reported, the said plaintiff became entitled to a deed of said real estate prior to the 27th day of May, 1873; that in or about the month of August, 1873, plaintiff demanded a deed of the premises from said E. W. Case, who neglected and refused to make and deliver the same.

"11. That prior to the commencement of this action the

said real estate had been sold for taxes and the time of redemption had expired, and the treasurer of said Chickasaw county had executed deed of a portion thereof to the purchasers; that in or about the month of May, 1873, and before the 15th day of said month, the said E. W. Case procured deeds of so much of said land as had been conveyed from the purchasers thereof, and procured assignments of the tax certificates of the balance of said premises, by means whereof he procured tax deeds of all said real estate, for which he paid the sum of $309; that said sum was paid by him voluntarily, and without any request by plaintiff, or by any promise by him to repay the same.

"12. No evidence was introduced in support of the claim to said real estate made by the intervenors herein, and I therefore find and report that they have no interest whatever in said real estate.

" The referee reported the following as his conclusions of law: '1. That the plaintiff is entitled to a specific performance of the contract made by and between him and the said E. W. Case, as reported in the 7th and 8th paragraphs of this report; that said E. W. Case should be ordered to convey said premises to plaintiff, and if he fails or neglects to do so, that a commissioner be appointed to make such conveyance; that said plaintiff should be decreed to be the full, absolute and unqualified owner of said real estate, and that said E. W. Case, and all persons claiming under him since the 4th day of October, 1873, should be forever barred and estopped from having or making any claim to the real estate in controversy, or any part thereof; 2d. That the petition of intervention should be dismissed.' "

The defendant moved the court to set aside the report of the referee upon several grounds, one of which is as follows: " That there is a defect of parties in this: the contract for the performance of which the plaintiff asks relief was made by plaintiff R. D. Lillie and one Fannie A. Lillie on the one part, and E. W. Case, guardian, on the other part, and this

court never acquired any jurisdiction over said Fannie A. Lillie, and defendant's rights under said contract cannot be adjudicated thereunder in this suit."

The court overruled the motion to set aside the report of the referee, and sustained the plaintiff's motion to confirm it.

1. We are of opinion that the defendant should have been allowed the $309 which he paid to procure deeds for the portion of the land which had been conveyed by treasurer's deed, and to procure assignments of certificates of purchase for the balance. As between him and the plaintiff, who was in possession of the land under a contract of purchase, it was clearly the duty of the plaintiff to pay these taxes. Still the defendant, as the owner of the legal title, had the right to discharge the taxes to protect his title. He was not a mere volunteer or interloper. The payment which he has made has enured to the advantage of the plaintiff. Upon the making of title to the plaintiff, the amount paid by the defendant to remove tax incumbrances, with interest at six per cent, should be declared a lien upon the title in plaintiff's hands.

*1. VENDOR and vendee: contract: taxes.*

2. The objection that there was a defect of parties in not making Fannie A. Lillie a party to the record was not made until after the filing of the referee's report, and was then made only in the motion to set aside the report of the referee. Section 2648 of the Code provides that a petition may be demurred to when there is a defect of parties, plaintiff or defendant. Section 2650 provides that when any of the matters enumerated as grounds of demurrer do not appear on the face of the petition the objection may be taken by answer, and that if no such objection is taken it shall be deemed waived. If there be a defect of parties in this case, the defect does not appear upon the face of the petition. The objection was not made by answer; it is, therefore, deemed waived. The decree must be modified so far as to allow the defendant a lien upon the land for the taxes paid. With this modification the judgment is

*2. PLEADING: defect of parties: waiver.*

AFFIRMED.