The State ex rel. Grady, Appellant, vs. The Chicago, Madison & Northern Railroad Company, Respondent.

*February 27 — March 17, 1891.*

*Farm crossings:* Mandamus.

1. Our statute, sec. 1810, R. S., as amended by ch. 193, Laws of 1881, makes it the absolute duty of railroad companies to make suitable and convenient farm crossings for the use of occupants of adjoining lands, and they can be compelled by *mandamus* to make such crossings, unless they can show a valid excuse for not doing so.

2. The provision of sec. 1813, R. S., imposing a penalty for neglecting to make the proper crossings, and giving the occupants of a farm the right to recover the same from the railroad company, does not furnish an adequate remedy, since it will not secure the construction of the necessary crossings, and therefore it does not deprive the occupant of the remedy by writ of *mandamus.*

3. In a proceeding by *mandamus* against a railroad company, it is proper to direct the writ to the company in its corporate name.

APPEAL from the Circuit Court for *Green* County. The case sufficiently appears in the opinion.

*B. Dunwiddie*, for the appellant, to the point that *mandamus* was the proper remedy in this case, as there was no other specific legal remedy to which the relator could resort, cited Crary's Special Proceedings, 272–3; *Lyon v. G. B. & M. R. Co.* 42 Wis. 544; *Nelson v. C., M. & N. R. Co.* 58 id. 519; *Ohio & M. R. Co. v. People*, 121 Ill. 483; *Boggs v. C., B. & Q. R. Co.* 54 Iowa, 435; High, Ex. Leg. Rem. 200, 228.

For the respondent there was a brief by *B. J. Stevens* and *P. J. Clawson*, and oral argument by *Mr. Stevens*. They contended that the construction of farm crossings was imposed only as an incident to the erection and maintenance of fences by railroad companies, and, inferentially, that a failure to make them subjected the companies to liability for damages to cattle, etc., caused thereby, and that they were required to make such crossings only where the topography of the country rendered them necessary to the safety of the public. *McCall v. Chamberlain*, 13 Wis. 637; *Blair v. M. & Pr. du C. R. Co.* 20 id. 254; *Curry v. C. & N. W. R. Co.* 43 id. 665. The location of farm crossings is in the discretion of the company, subject to review by the court. *Jones v. Seligman*, 81 N. Y. 191; *Clarke v. Rochester, L. & N. Falls R. Co.* 18 Barb. 350. The petition does not show that the location proposed is a necessary or practicable one, so as to make the duty to maintain it there absolute. The relator had an adequate remedy at law under sec. 1813, R. S., and *mandamus* will not lie. *State v. Washington Co.* 2 Pin. 552; *State v. School Dist.* 65 Wis. 631; High, Ex. Leg. Rem. secs. 42, 283. The writ should have been directed to the directors of the company. *State ex rel. Havemeyer v. Mineral Point*, 22 Wis. 396; High, Ex. Leg. Rem. secs. 542, 545.

COLE, C. J. The relator is the owner of a farm across which the defendant company has constructed its railway track,

dividing the farm into two separate parcels. The company has been operating its road, running daily trains of cars over the same, for more than a year, but has neglected to construct suitable farm crossings for the convenience of the relator in passing with his teams and stock from one part of his premises to the other; and this application is for a *mandamus* to compel the company to construct proper crossings. On motion, the alternative writ was quashed, and the appeal is from the order quashing the writ. In support of the decision of the circuit court, it is argued that the petition does not state facts showing that the relator is entitled to the relief demanded; in other words, that it fails to show that it is the duty of the company to construct such farm crossings. This is a mistake as to the duty which the statute imposes on the company. Ch. 193, Laws of 1881, which amends sec. 1810, R. S., provides, in effect, that every railroad corporation operating any railroad shall erect fences on both sides of its road of the height prescribed, with openings or gaps or bars therein, and suitable and convenient farm crossings of the road for the use of the occupant of the lands adjoining. Thus, it will be seen, the statute imposes a distinct and absolute legal duty upon the company to construct these farm crossings. The language of the statute is clear and specific, and cannot be made plainer by illustration or argument. It is imperative or mandatory, requiring the corporation to perform its legal duty. It is said it appears from the petition that there is a public highway which runs along the east side of the relator's farm, and connects the two portions thereof, and that where the railway crosses this highway a bridge has been built over a deep cut, which, it is claimed, answers every purpose of a farm crossing. We can make no such an inference from the matters stated in the petition, nor hold that the bridge meets the requirements of the statute, and relieves the company from the duty of constructing

any other farm crossing. It is possible that the company can show by evidence that this bridge on the highway fully answers the end and object of the statute, but we cannot presume that it does. On the contrary, as the statute, in absolute terms, makes it the duty of the company to construct farm crossings for the use of the occupants of the adjoining lands, the company is under obligation to show some valid excuse for neglecting to perform its duty. We therefore hold, as the duty of the company was absolute and clear to make the proper farm crossings, unless there is some other objection to granting the writ, it was error to quash it on the facts stated.

Again, it is said the court always refuses to grant a writ of *mandamus* where the party has another adequate legal remedy. But has the relator such a remedy? Section 1813 provides, where a railroad corporation neglects to construct farm crossings proper for the use of the lands over which its road is operated, the owner or occupant may give the corporation written notice to construct such necessary farm crossings, and if the company, after being so notified, neglects for three months to construct the crossings, it shall be liable to pay the owner or occupant $10 for each and every locomotive that may thereafter pass through the lands until the farm crossing is made. This provision enables the owner to sue the corporation and recover damages or penalties for its failure to perform its legal duty; but that will not secure the construction of the necessary farm crossing, nor will it afford an adequate remedy. The writ of *mandamus* would seem to be the most efficient, if not the only adequate, means for compelling the corporation to do its legal duty. It is true, in *Jamestown v. C., B. & N. R. Co.* 69 Wis. 648, and *Oshkosh v. M. & L. W. R. Co.* 74 Wis. 534, a bill in equity for a mandatory injunction was sustained to compel a corporation to restore a highway or street to its former condition of usefulness. Perhaps that

remedy might have been resorted to in the present case, but, though a party may have redress in equity, that of itself is not a conclusive objection to granting the writ of *mandamus*. It may possibly, and would, influence the court in the exercise of the discretion which it possesses in granting the writ under the facts and circumstances of the particular case, but does not affect its right or jurisdiction. Nor does the fact that the party is liable to indictment and punishment for his omission to do the act to compel the performance of which the writ is sought constitute any objection to granting the writ. *People ex rel. Moulton v. Mayor*, 10 Wend. 393; Shortt, Inform. Prohib. & Mand. 235. It seems to us clear that *mandamus* is the only legal remedy to which the relator can resort in this case to enforce his rights to compel the corporation to perform the duty which the law imposes. The fact that the company is liable to pay $10 for each and every locomotive which passes over the land while it neglects, after notice for three months, to construct the proper farm crossing, constitutes no reason for denying the right. That does not take away the remedy, and does not profess to be exclusive of other means of redress.

The learned counsel for the company says, to entitle a person to the writ two things must concur: (1) A clear right to have the act done to compel the doing of which the writ is sought; and (2) that there is no other adequate legal remedy by which the performance of the specific duty can be enforced; and that the discharge of the duty is not discretionary. These conditions concur in the present case. The relator certainly has a clear legal right to have the farm crossings constructed for his use in cultivating the farm, and there is no other adequate legal remedy to compel the company to do that act. If it shall appear on the hearing of the answer of the corporation that the making of the farm crossing is unnecessary because of the existence

of a highway on the east side of the farm and the bridge over the cut furnishing all needful facilities for passing from one part of the premises to the other, or that the construction of a farm crossing would be impracticable on account of the situation of the land, these facts can be made to appear on the hearing. But, upon the matters set forth in the petition, nothing is shown which excuses the company from performing its statutory duty.

The writ is directed to the corporation in its corporate name, and it is insisted that it is misdirected; but we are inclined to hold the direction good. Of course, the corporation must act through its officers and agents, but whose duty it is to see to the construction of farm crossings may not be known. We hold the direction is sufficient.

It follows from these views that the order of the circuit court quashing the writ must be reversed, and the cause be remanded for further proceedings according to law.

*By the Court.*— Ordered accordingly.

See note to this case in 12 L. R. A. 180.— REP.

