SAM COE v. MRS. M. E. ANDERSON *et al.*, Appellants.

| 92 | 515 |
| 105 | 620 |
| 92 | 515 |
| 112 | 123 |
| 92 | 515 |
| 114 | 6 |
| 92 | 515 |
| 123 | 699 |

Presumptions: PAYMENT. Plaintiff's case was the introduction of two notes. The one first due was for two hundred and thirty-three dollars, and the other for one hundred and sixty-seven dollars. After both were due, he wrote the maker, "the last note I have of yours for one hundred and sixty-seven dollars, was due May 7, 1888," and asking its payment    Later still, plaintiff made an indorsement on the note for one hundred and sixty-seven dollars, the one due last. *Held*, the presumption of nonpayment through possession of the notes is overcome as to the two hundred and thirty-three dollar note.

Practice. Where a defect by nonjoinder of parties defendant appears on the face of the petition, it can not be raised first on appeal, but should be urged by demurrer, or, possibly, answer or reply. And there will be no remand where the absent parties are not essential to a disposition of the case made.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

THURSDAY, DECEMBER 13, 1894.

J. C. ANDERSON made to plaintiff his two promissory notes, due at different dates and for different amounts, secured by mortgage on real estate. J. C. Anderson

deceased, and the defendants are his widow and children, heirs at law. It does not appear that administration has been granted upon the estate. This action is in equity to foreclose the mortgage, and no personal judgment is asked. The answer of the adult defendants denies information and belief as to the making and delivery of the notes and mortgage, and avers that, if such notes were given, they have been paid; and the minor defendants, by their guardian *ad litem*, answer, requesting the court to protect their interests. The district court entered a decree for the plaintiff, and defendants appealed.—*Modified and affirmed.*

*A. A. Haskins* for appellants.

*A. L. Steele* for appellee.

GRANGER, C. J.—I. Appellants insist that the suit can not be maintained, because of a defect of parties defendant, an administrator of the estate of J. C. Anderson being a necessary party. We need not determine the question, for the reason that it was not presented in time. The objection goes to a defect of parties defendant, the defect being of nonjoinder. We do not discover that the objection was made until in this court, and then only in argument. The question is not a jurisdictional one, and under the rule cited in *Bouton v. Orr*, 51 Iowa, 473, 1 N. W. Rep. 704, such a defect is waived unless assailed by demurrer, or possibly by answer or reply. In this case the defect of parties, if there was a defect, was plainly apparent on the face of the petition. The petition asked for relief only as against defendants, and that only to the extent of foreclosing their interests. At least, the abstract does not indicate more. If it was a case where the relief sought could not be granted because of the absence of necessary parties, the court

could probably remand the cause for further proceedings. See *Parshall v. Moody*, 24 Iowa, 314.

II. The two notes in suit were executed December 7, 1886. One, for two hundred and thirty-three dollars, became due nine months after date. The plaintiff put in evidence the notes and mortgage, and rested. Defendants then put in evidence a letter written by plaintiff May 14, 1888, as follows:

"May 14, 1888.

"*J. C. Anderson.*

"Dear Sir: * * * The last note I have of yours, for $167.00, was due May 7, 1888, and I have been expecting to make a payment on my mill with it. My note was due the first of this month, but I could not meet it until I get that. Please let me know about it, and what day I had better come over, as I am very busy, and don't want to come and not find you there. This leaves us all well. Respectfully, Sam Coe."

On the twenty-second of May, 1888, a credit of one hundred dollars was indorsed on the one hundred and sixty-seven dollar note. It is urged by appellants that the evidence shows that the two hundred and thirty-three dollar note had been paid. It seems to us that is the correct view of the case. The only evidence in support of plaintiff's claim is the possession of the note; and, if it be conceded that the defendants must overcome the presumption arising therefrom, we think the evidence is sufficient for the purpose. The first note, by its terms, matured eight months before the last one. An obligation of plaintiff matured before the last note in suit did. The plaintiff seemed pressed for money to make his payment, and he waited for the maturity of the last note, and then gave notice that it was due, and urged payment in order to meet his own obligation. Then when he receives a payment he indorses it on the last note instead of on the first one, and that had been due eight months and more. The

record is without a word of explanation why this should have been done. The indorsement is in harmony with what we regard as the correct meaning of the letter wherein the one hundred and sixty-seven dollar note is spoken of as "the last note I have of yours." It is difficult to believe that the plaintiff would have held the two hundred and thirty-three dollar note, past due, and, without any reference to it, have asked payment of a note recently due, in the absence of some reason for so doing; and, as we have said, the record furnishes no explanation for such a course of conduct. Appellee's construction of the language of the letter is that it refers to the last note of the series, and that it was for one hundred and sixty-seven dollars. There was no other note for one hundred and sixty-seven dollars, so the expression was not necessary to distinguish between two notes of the same amount; and as to the series, if there was a purpose to distinguish, only, the words are not the natural ones for such a purpose, for he speaks of that note as the last he has. However, if the words are doubtful, the words and acts are so out of harmony with ordinary business conduct that we think the presumption arising from the possession of the note is fairly overcome. There is some other evidence of plaintiff's conversation with Mrs. Anderson and her attorney, after the commencement of this suit, that to some extent aids our conclusion. We think the two hundred and thirty-three dollar note should be treated as paid, and that the amount of the mortgage indebtedness should be fixed by crediting the one hundred dollar payment on the one hundred and sixty-seven dollar note, and granting a foreclosure for the unpaid balance. The cause is remanded for that purpose. Appellee will pay the costs of this appeal. MODIFIED AND AFFIRMED.