E. B. FULLIAM, J. D. FULLIAM, SULTANA BARTLETT and ELIZA J. BOND, Appellants, v. M. D. DRAKE, H. E. WILEY, Sheriff of Muscatine County.

**Judgment: OPENING:** *Law and equity.* A judgment is conclusive as against parties thereto unless grounds exist for a new trial or for equitable interference.

**REVIEW IN EQUITY.** Questions which have been adjudicated in a court of law having jurisdiction of the subject matter and the parties cannot be reviewed by the defeated parties by a suit in equity, since under Code, 1873, section 2522, and also independent of statute, equity has no power to review or correct errors in a proceeding at law.

**COLLATERAL ATTACK.** A judgment awarding an execution against certain real estate belonging to a decedent's estate is conclusive as against the heirs who were parties thereto, that all the necessary parties were before the court, although they did not plead a defect of parties, and they cannot collaterally attack the judgment upon the ground that certain other heirs were not served.

**VACATION:** *Parties.* A demurrer to a petition for a retrial to vacate an order under Code, 1873, section 3092, awarding an execution against certain real estate belonging to decedant's estate is properly sustained where some of the parties to the original proceedings are not parties to the application to vacate.

*Appeal from Muscatine District Court.*—HON. W. F. BRANNAN, Judge.

FRIDAY, MAY 20, 1898,

SUIT in equity to enjoin a sale of real estate under execution, and to set aside and annul certain proceedings wherein defendant M. B. Drake was awarded execution against the property of George W. Fulliam, deceased. The trial court sustained a demurrer to the petition, and denied the injunction asked, and plaintiffs appeal.—*Affirmed.*

*Richman & Richman* for appellants.

*Jayne & Hoffman* for appellees.

DEEMER, C. J.—In 1874, F. A. Drake recovered a judgment against George W. Fulliam for the sum of eight hundred dollars. Fulliam died in the year 1893, leaving eight children as his only heirs. Four of these children are the appellants in this action. M. B. Drake became the owner of the judgment by assignment, and after the death of Fulliam she commenced proceedings, under section 3092 of the Code of 1873, asking the court to award her execution against certain real estate which she claimed belonged to George W. Fulliam, at the time of his death. She made all the heirs parties to this proceeding, but it is now claimed that but two of them, to-wit, J. D. Fulliam and E. B. Fulliam, in addition to J. D. Fulliam as administrator of the estate, were served with notice or appeared to the proceedings. In that action the court, after hearing the evidence adduced upon the issues as tendered, awarded the execution as prayed. The defendants therein appealed to this court, where the order was affirmed. See *Drake v. Fulliam*, 98 Iowa, 339. After the affirmance, execution issued and was levied upon the real estate described in the order, and this action was brought to restrain further action upon the execution, and to set aside the order awarding the execution, upon the ground that the court

which awarded it was without jurisdiction because all the owners of the property were not made parties defendant to the proceeding, because the original judgment was not a lien upon the premises, and for the further reason that the appellants herein showed an independent record title in themselves. It is also claimed that the enforcement of the order will deprive plaintiffs of their property without due process of law. It is further alleged that E. B., J. D., and S. J. Fulliam are the owners and in the present possession of the property. The petition reciting these facts, as well as some others which we do not regard as controlling, was presented to the trial court for the allowance of a temporary writ of injunction. Appellee Wiley alone appeared to the proceedings, and filed a demurrer to the petition based upon the ground that plaintiffs were not entitled to the relief demanded, because of defect of parties, plaintiffs, and defendants, and one other ground not necessary to be stated. This demurrer was sustained, and the temporary injunction asked for denied.

The real parties in interest in this controversy were parties to, served with notice of, and appeared in the special proceedings for award of execution. In that action these plaintiffs denied that George W. Fulliam died seized of any part of the real estate against which award of execution was asked, and alleged that they, with S. J. Fulliam, owned the said real estate. They also pleaded some other defenses not necessary to be mentioned. They did not plead, however, that the other heirs were not served with notice and did not appear to the petition. On the contrary, the record of the court made upon the hearing of the application recites that all the defendants appeared by attorneys Hanley & Detwiler, and introduced their evidence. That E. B. and J. D. Fulliam are concluded by what was in fact adjudicated in that proceeding is clear, and this adjudication is final,

unless grounds exist for a new trial or for equitable interference. That they are also bound as to all matters which should have been pleaded in defense to that, unless facts appear justifying a re-trial, or unless, as claimed by appellants, the court which awarded the execution was without jurisdiction, is equally clear. These propositions are so elementary as not to need the citation of authorities in their support. It is manifest that this is not an application, either at law or in equity, for a re-trial. If it were, it should not be granted, for the reason that the parties to the original proceeding are not all made parties to this suit, and some of the persons made parties to this suit were not parties to that. Treating this case, then, as an application for a re-trial to vacate or reverse the original order, under sections 3154 to 3162, inclusive, of the Code of 1873, the appellees' demurrer to the petition was properly sustained, because of non-joinder of proper parties. If this be, as we think it is, an original suit in equity to enjoin the enforcement of an order because the court making it was without jurisdiction, we then have the question, were appellants entitled to the relief demanded?

Appellants insist that the court had no jurisdiction to make the award—First, because but two of the eight heirs were served with notice of the proceeding; second, because the judgment was not a lien upon the real estate against which execution was awarded; and, third, because the record title to the real estate was not in George W. Fulliam at the time of his death.

From the statement we have heretofore made of the issues tendered in the special proceedings, it will be seen that the second and third grounds of the objection to the jurisdiction of the court were pleaded in defense to that proceeding, and were adjudicated against the appellants in the order granted by the court. Having been so adjudicated, they cannot

be reviewed by a suit in equity, as a court of equity has
no power to review or correct errors in a proceeding at
law. See Code 1873, section 2522. This is the rule inde-
pendent of statute. 1 High, Injunction, section 226.

The court which awarded the execution had juris-
diction of the subject-matter and of the only parties in
interest who now claim that there was error in the
proceedings, and to grant them the relief asked because
of the matters now under consideration would be con-
verting a court of equity into a court for the correction
of errors.

The only remaining point made by appellants is
that the court was without jurisdiction to make the
order because the heirs of George W. Fulliam were not
all served with notice of the application. Conceding,
for the purpose of the case, that the order finding that
all the parties appeared may be contradicted, we are
still confronted with this state of facts: All of the peti-
tioners in this case who have any interest in the land
were served with notice of, and appeared to, that
application. They did not, it is true, plead a
defect of parties. Nor does the record show that
they raised the question in any manner. The inquiry
here arises, was it necessary to do so? The general
rule, subject to some exceptions, is that a judgment is
conclusive, not only as to all matters actually in issue,
but as to those which might or should have been alleged
in the pleadings. *Donahue v. McCosh*, 81 Iowa, 296;
*Hanson v. Manley*, 72 Iowa, 48; *Foster v. Hinson*, 76
Iowa, 714; *Keokuk Gas Light & Coke Co. v. City of
Keokuk*, 80 Iowa, 137. The case must be treated, then,
as if the court decided in the original proceedings that
all the necessary parties were before it. This may have
been an erroneous decision, but it does not follow that
the court had no right to decide because all of the
parties were not before it. It had jurisdiction of the

subject-matter; that is to say, the award of execution against the property of one deceased. It also had jurisdiction of all the persons who are parties to this suit having any interest in the land. Having this jurisdiction, it had the right to decide, as it did, that execution should be awarded. As we have said, an erroneous decision is not ground for relief in equity. See authorities heretofore cited and *Reed v. City of Muscatine*, 104 Iowa, 183; *Milne v. Van Buskirk*, 9 Iowa, 558. In the case of *Coe v. Anderson*, 92 Iowa, 515, we held that a question as to defect of parties is not jurisdictional, and that such a defect is waived unless assailed by demurrer, or possibly by answer or reply. See, also, *Bouton v. Orr*, 51 Iowa, 473. All matters complained of in this suit were adjudicated in the original proceeding, and the trial court correctly ruled that appellants were not entitled to the relief demanded.— AFFIRMED.

WATERMAN, J., took no part.