CECIL M. STEWART, Appellee, v. R. C. HALL, L. W. AKIN and M. J. SCHERMERHORN, Appellants, L. B. HANSON and JAMES A. FIKE, Defendants.

**Parties:** NONJOINDER: EFFECT. Where the court has jurisdiction of the subject matter and of the parties properly before it, it may proceed to judgment as against them, even though other parties might have been brought in.

**Same:** NONJOINDER: APPEAL. Nonjoinder of parties should be raised by demurrer or by answer, and this question can not be first suggested on appeal.

**Judgments:** VACATION. Motion to set aside a judgment for irregu-

larities, which are not sufficient to render it void, should be made within one year from the date of the judgment.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

FRIDAY, APRIL 7, 1911.

APPEAL from an order overruling a motion by the defendants Hall, Akin, and Schermerhorn to set aside a judgment entered against them and to set the cause down for a retrial.—*Affirmed.*

*C. C. Cole* and *Earl M. Steer,* for appellants.

*James C. Hume,* for appellee.

DEEMER, J.—Plaintiff brought an action in equity against all the defendants named in the caption to cancel certain contracts, deeds, and a bill of sale of personal property; for the appointment of a receiver, an injunction, and a money judgment, based upon defendants' false and fraudulent representations regarding the character of certain real estate which was the subject of said contracts, deeds, etc. In that action he, on January 6, 1908, secured a decree and judgment against defendants Hall, Akin, and Schermerhorn for the sum of $4,631.75 and costs, being the amount of money paid by plaintiff in cash for certain Minnesota and Nebraska lands. He also secured a decree against the defendants Hanson and Fike canceling certain conveyances of property given in exchange for the lands and a decree finding that said property belonged to plaintiff. Hanson and Fike alone appealed to this court, and upon their appeal it was found that plaintiff was not entitled to prosecute the action against the said appealing defendants; that, while he was a proper

party, others interested with him should have been joined, and the case was reversed to the end that plaintiff might bring in these parties and retry the case as to them. See 144 Iowa, 113. The opinion in that case was filed October 2, 1909. As the defendants Hall, Akin, and Schermerhorn did not join in the appeal, no order was made as to them. *Procedendo* issued upon an order of remand and thereafter and on the 10th day of January, 1910, the defendants Hall, Akin, and Schermerhorn filed a motion in the district court to vacate and set aside the personal judgment rendered against them on January 6, 1908. This motion is bottomed upon the proposition that the district court of Polk County had no jurisdiction to enter the judgment because Cecil M. Stewart, the plaintiff, was not a proper party to bring the action, that other parties were not only necessary but indispensable to any action, and that upon reversal of the case in this court the entire judgment became null and void and should be set aside not only as to the appealing parties Hanson and Fike, but also as to the defendants Hall, Akin, and Schermerhorn. By reference to the opinion filed in the case when it was first before us, it will be noticed that the decree was reversed as to Hanson and Fike alone, and not as to Hall, Akin, and Schermerhorn. The judgment against them was a personal one and was for the amount of cash which plaintiff was induced to part with in consideration for the Minnesota and Nebraska lands. It was not intimated anywhere in the opinion that any other person was either a necessary or a proper party to the case in so far as plaintiff's right to recover the money paid was concerned. Indeed, it was expressly found in the opinion that Hall, Akin, and Schermerhorn were guilty of fraud; that they received $4,130 in cash from the plaintiff, and judgment was rendered against them for the amount of the payment so made. This money was shown to have been of plaintiff's property, and there

is no intimation in the opinion that any other person was interested in it.   But, should we assume the contrary, the moving defendants made no such point in the district court, nor did they appeal from the personal judgment rendered against them. The trial court had jurisdiction both of the parties and of the subject-matter and expressly found that plaintiff was the owner of the money which was fraudulently obtained from him by the moving defendants Hall, Akin, and Schermerhorn.   That judgment, not having been appealed from, is conclusive. Even should it be admitted that other parties might have been brought in or were necessary, it does not follow that the court had no jurisdiction over the cause of action as presented by the pleadings.

Absence of other parties does not go to the court's jurisdiction over the subject-matter and the parties properly before it.   The court may, nevertheless, proceed to a decree, and such a decree is not void as between the parties.   See, as sustaining this rule, *Tod v. Crisman,* 123 Iowa, 693; *Fulliam v. Drake,* 105 Iowa, 615; *Coe v. Anderson,* 92 Iowa, 515.

Nonjoinder of necessary parties must be raised by demurrer or by answer, and the question can not be raised for the first time on appeal.   See *Bouton v. Orr,* 51 Iowa, 473; *Enders v. Beck,* 18 Iowa, 86; *Anderson v. Acheson,* 132 Iowa, 744.

Conceding *arguendo* that the judgment was irregular, it should have been attacked by motion or petition filed within one year from the date of the judgment sought to be vacated.   Code, section 4093, 4094; *Fulliam v. Drake,* 105 Iowa, 615; *Lindsey v. Delano,* 78 Iowa, 350; *Finch v. Hollinger,* 47 Iowa, 173.

As the motion in this case was not filed in time, that alone would be sufficient ground for denying it.   We are not to be understood as holding that a petition in equity may not be filed in a proper case to set aside a judgment

after the expiration of a year; but no' such case is now before us. This is a motion to set aside a judgment because of error or irregularity, and such motion must be filed within the time limited by the statutes hitherto mentioned. It may be that, if the judgment were absolutely void, it might be attacked in this manner; but, as we have already seen, the most that can be said of it is that it is irregular, or perhaps voidable and not void. The trial court had jurisdiction of the parties before it and of the subject-matter, and these moving defendants are in no position to insist at this time that other persons should have been made parties to the action.

The court did not err in overruling the motion, and its order must be, and it is, *affirmed*.