STATE, ex rel COOLSAET, et al, Respondents, v. CITY OF VEBLEN, et al, Appellants.

(237 N. W. 555.)

(File No. 6971. Opinion filed June 23, 1931.)

See, also, 228 N. W. 802.

*Otto L. Kaas,* of Britton, for Appellants.

*Buell F. Jones,* of Britton, and *James H. Hall,* of Marshall, Minn., for Respondent.

RUDOLPH, J. Defendant appeals from the judgment entering the peremptory writ of mandamus requiring them, as officers of the city of Veblen, to levy a tax upon the taxable property of the city, in an amount sufficient to pay a judgment held by the plaintiffs in the sum of $10,563.44 and accrued interest.

The trial court rendered the judgment and issued the writ on the theory that, when a final judgment has been rendered against a city, it is the duty of the city council to pay it immediately, and, if there are no available funds with which to make the payment, a special tax shall be levied sufficient to make the payment. Appellants take the position that they are limited and without power to levy a tax in excess of fifteen mills for all purposes, including this judgment; that the full limit of fifteen mills is necessary for running expenses, and no levy for the payment of the judgment can now be made. The vital question is the power of the court, in view of our statutory provision, to compel the city and its officers to tax the taxable property within the city by a special judgment levy.

Mandamus is a proper if not the only remedy to enforce collection of a judgment if the officers fail in their duty to provide for its payment. Mandamus is in the nature of an execution to collect the debt, Howard v. City of Huron, 5 S. D. 539, 59 N. W. 833, 26 L. R. A. 493, and can be' used to reach the resources of the city that are or may be made available by such process, for the payment of the judgment.

Appellants contend that the judgment is void because it creates a debt in excess of the constitutional limit of indebtedness. A judgment does not create any indebtedness; it is evidence and an adjudication of an indebtedness already created. Edmundson v. Independent School District et al, 98 Iowa, 639, 67 N. W. 671, 60 Am. St. Rep. 224. If the debt were invalid, that should have been urged as a defense to the judgment. It is now too late to urge a defence to the judgment; it is final. Howard v. City of

Huron, supra, and State ex rel Coolsaet v. City of Veblen, (S. D.) 228 N. W. 802.

■ On the principal question, that is, the question whether or not the governing body of the municipality must levy a tax to pay this judgment, a consideration of our statutes is necessary. A judgment creditor of a municipality is not entitled to a mandamus to compel the levy of a tax in excess of the limit fixed by statute. The provisions of our statute control the authority of the defendants in levying any tax, the proceeds of which are for the purpose of paying this judgment. The Legislature is vested with the right to limit the tax levy of a municipal corporation. Section 1, art. 10, of the state Constitution, provides: "The legislature shall restrict the power of such corporations [municipal corporations] to levy taxes and assessments, borrow money and contract debts, so as to prevent the abuse of such power."

■ We must then look to the statutes of this state to determine the rights of these parties. Appellants contend that section 6739, Rev. Code 1919, as amended by Laws 1919, c. 114, limits the levy to fifteen mills for all purposes, including the payment of the judgment in this case. Said Section provides:

"The total annual city tax levy for all purposes except as provided in section 6745 of the Revised Code of 1919 shall not exceed the following rate:

"1. In cities of the first class, the levy shall not exceed twelve mills on the dollar of assessed valuation.

"2. In cities of the second class, the levy shall not exceed fifteen mills on the dollar of assessed valuation."

The city of Veblen is a city of the second class. The judgment in this case does not fall within any of the exceptions of section 6745, Rev. Code 1919. The section of our Code upon which the respondent relies is section 6334, Rev. Code 1919, as amended by chapter 295, § 1, of the Laws of 1921, the last clause of which section provides as follows: "Should any judgment be obtained against the city or town, the mayor, under the sanction of the governing body, may borrow a sufficient amount to pay the same, for a space of time not exceeding the close of the fiscal year, which sum and interest shall in like manner be added to the amount authorized to be raised by the general tax levy of the next year and embraced therein."

What was the intention of the Legislature in the enactment of these two sections? Does this last provision modify the limitation provided in section 6739 in so far as the payment of this judgment is concerned? In determining these questions, it is helpful to look to another section of our Code; section 6334 provides for the annual appropriation ordinance of governing bodies of cities and towns, and therein such governing bodies are authorized to appropriate a sum not to exceed the limit prescribed by section 6739, section 6334 in part providing: "Such annual appropriation ordinance shall also contain the annual tax levy, which for all purposes except park purposes shall not exceed the limitations prescribed by article 1, chapter 5, part 9, of this title." ·

The section upon which the respondent relies immediately follows this section 6334, and provides that the amount necessary to pay any judgment shall "be added to the amount authorized to be raised by the next general tax levy, and embraced therein." What is the "amount authorized to be raised" to which this levy for the purpose of paying the judgment is to be added? We are of the opinion that this amount is the amount prescribed in the preceding section; i. e., the amount which the governing body is authorized to levy. That amount is not to exceed fifteen mills of the assessed valuation. If the levy to pay the judgment is to be added to that amount, the Legislature has here authorized the levy of tax for the payment of a judgment which could and does in this case exceed the fifteen-mill limit. We are of the opinion it was the intention of the Legislature to modify the limitation it had prescribed in section 6739 by this section relating to the payment of judgments. The statute in our opinion expressly provides that a levy necessary to pay a judgment could be added to that authorized for other purposes, which, according to the preceding section, was not to exceed the fifteen-mill limit. Any other construction of these statutes would defeat the rights of a judgment creditor against a municipal corporation, if the authorities proceeded to levy the maximum tax for general purposes. We cannot believe that it was the intention of the Legislature to put a judgment creditor of a municipal corporation in such an unfavorable position as the appellant contends. The construction contended for by the appellant would mean practical repudiation of legal obligations by a municipality.

■■ Section 6335 (as amended by Laws 1921, c. 295, § 2) provides that the mayor "may" borrow a sufficient amount to pay the judgment, and this amount added to the amount authorized to be raised by the general tax levy. This court held in Swenehart v. Strathman et al, 12 S. D. 313, 81 N. W. 505, " 'may' means 'must' when public interest and individual rights call for the exercise of powers given, not for the benefit of school or other officers, but for the individual and the public generally." This is a general rule. Under the construction here given these statutes, there is a peremptory duty upon the mayor and the governing body.

The writ requires the defendants to levy a tax to pay the judgment. The statute provides that the mayor may borrow the money, pay the judgment, and add this amount to the general tax levy. The respondent in this case does not complain because the writ does not require the mayor to borrow the money and immediately satisfy the judgment, but is content to await the payment of the judgment until the amount levied for the purpose of paying the same is collected. Under the construction here given these statutes, the duty is upon the mayor and the governing body to provide the money for the payment of the judgment; whether this is done by first borrowing the money, satisfying the judgment, and then making a levy, or whether it is done by first making the levy and satisfying the judgment with the tax collected, the purpose and object of the statute is accomplished. The question of a judgment creditor insisting upon the immediate satisfiction of his judgment through the agency of a loan is not presented to us in this case. That the real object of the statute is to compel the levy of a tax to pay the judgment, rather than compel the mayor to make a loan to pay the judgment and then levy a tax, is evidenced by the fact that the statute provides that the loan to be made by the mayor shall be for a time not exceeding the close of the fiscal year. The making of such a loan would be an absurdity, if it were to be paid, as the statute contemplates, with money to be raised from the tax levy the same year. Money raised by that tax levy would not be available until the year following the fiscal year in which the judgment is paid. In other words, the provision of the statute with regard to the loan by the mayor is uncertain, but there is no uncertainty in the statute that the sum needed to pay the judgment and interest shall be added

to the amount authorized to be raised by the general tax levy of the next year.

We are of the opinion that the trial court correctly issued the peremptory writ of mandamus, and the judgment is affirmed.

POLLEY, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.