STATE, *ex rel.* GULF LIFE INSURANCE COMPANY, v. THE
CITY OF LIVE OAK

170 So. 608.
Opinion Filed November 9, 1936.

*Loftin, Stokes & Calkins, Scott M. Loftin, Robert H. An-*
*derson, and Harold B. Wahl,* for Relator;

*Alfred T. Airth,* for Respondent.

DAVIS, J.—Mandamus proceedings have been instituted
against the respondent, City of Live Oak, a municipal cor-
poration. The command of the alternative writ is that the

City of Live Oak, *qua* a municipal corporation, through its properly authorized (but unnamed) officials, representatives, clerks, attorneys, agents and servants forthwith do levy a tax on all of the taxable property within the municipality sufficient to pay relator's bonds and coupons on which the respondent municipality is obligor, exclusively for the purpose of paying such obligations, and to assess the taxable property pursuant to such levy and thereupon to collect and receive the taxes thereupon in accordance with such levy and assessment from the persons liable therefor, and to pay the relator the amounts due on his bonds and interest in accordance with the tenor of said bonds and coupons, all as provided and required by law, and agreed to be done and performed by the municipality obligor at the time of its issuing same.

A motion to quash the alternative writ has been made on the ground that inasmuch as only the City of Live Oak, as a municipality, has been made party respondent to said alternative writ, that therefore the writ is fatally defective because it does not run to the Mayor, the several members of the City Council, the City Clerk, City Tax Assessor, City Tax Collector and City Treasurer, each of whom is charged with some official duty to perform under the law in order to carry out the mandate of said alternative writ should it be made peremptory. It is the foregoing ground that we shall discuss in detail in this opinion because the matter of law involved therein has never before been pointedly presented and required to be decided in this state.

The proposition involved in the objection just stated, while never before decided in this state, is reasonably free from difficulty in its solution. The holder of municipal bonds takes them under a legal promise, secured by statutory obligation, that the municipality issuing them will

.exert its corporate powers under the law to see that the things it has agreed to do in order to provide payment at maturity, are carried out in due course and in accordance with the legislative enactment under which the bonds issued. Whatever process binds the public corporation binds its officers who are privy to its duties and affairs. Little reason ·is perceived, therefore, why a writ of mandamus to coerce the raising of a special tax fund to pay a municipal corporation's obligations that a mandatory statute requires to be discharged through the exercise of its obligatory municipal taxing powers, may not run against the municipal .corporation itself without reference to its particular officials in office for the time being—the process becoming binding upon the respondent's officials because it is binding upon the principal. Indeed, many respectable authorities so hold as will be seen by reference to the following: Board of County Comm'rs v. Sellew, 99 U. S. 624, 25 L. Ed. 333, Murphy v. Utter, 186 U. S. 95, 46 L. Ed. 1070, 22 Sup. Ct. Rep. 776; Wilson v. United States, 221, U. S. 361, 55 L. Ed. 771, 31 Sup. Ct. Rep. 538; State v. Judge of Civil Dist. Court, 38 La. Ann. 43, 58 Am. Rep. 158; Norwalk & S. N. Electric Light Co., v. Common Council, 71 Conn. 381, .42 Atl. Rep. 82.

A command in mandamus addressed to a municipal corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If the municipal officers, apprised of the writ directed to the corporation, prevent compliance, or fail to take appropriate action within their power to comply with its commands for the performance of a corporate duty devolving upon them under the writ, the officers, no less than the corporation itself, are guilty .of disobedience and may be punished for contempt in not carrying out what is commanded. See: Wilson v. United

States, 221 U. S. 361, *supra,* and cases cited. No better reason for the rule can be found than is stated by the Supreme Court of the United States in County Commissioners v. Sellew, 99 U. S. 624, *supra,* where the Court says:

"As the corporation can only act through its agents, the courts will operate upon the agents through the corporation. When a copy of the writ which has been ordered is served upon the clerk of the Board, it will be served on the corporation, and be equivalent to a command that the persons who may be members of the Board shall do what is required. If the members fail to obey, those guilty of disobedience may, if necessary, be punished for the contempt. Although the command is in form to the Board, it may be enforced against those through whom alone it can be obeyed. One of the objects in creating such corporations, capable of suing and being sued, and having perpetual succession, is that the very inconvenience which manifested itself in Boutwell's case may be avoided. In this way the office can be reached and the officer compelled to perform its duties, no matter what changes are made in the agents by whom the officer acts. The Board is in effect the officer, and the members of the Board are but the agents who perform its duties. While the Board is proceeded against in its corporate capacity, the individual members are punished in their natural capacities for failure to do what the law requires of them as representatives of the corporation.

"We think, therefore, that the peremptory writ was properly directed to the Board in its corporate capacity. In this way the power of the writ is restrained until the thing is done which is commanded, and it may at all times be enforced, through those who are for the time being charged with the obligation of acting for the corporation. If, in the course of the proceedings, it appears that a part of the

members have done all they could to obey the writ, the court will take care that only those who are actually guilty of disobedience are made to suffer for the wrong that is done. Those who are members of the Board at the time when the Board is required to act will be the parties to whom the court will look for the performance of what is demanded."

The stated ground of the motion to quash hereinbefore discussed is accordingly overruled.

But there is an objection to the writ that the Court perceives should result in quashing it of its own motion, subject to amendment. This Court has repeatedly held that, as a matter of policy, it will not ordinarily grant a peremptory writ of mandamus requiring the collection, impounding and paying over of a special tax in addition to requiring its levy, although such relief is obtainable in one and the same proceeding in the Circuit Court. See: Humphreys v. State, *ex rel.* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858.

It is therefore ordered by the Court that the alternative writ of mandamus herein be quashed for the cause last above stated, with leave to amend the same by eliminating from the writ the excess portion of its commands as a writ of the Supreme Court, respondent to file return thereto not inconsistent with this opinion within ten days after such amendment shall have been made by serving a copy thereof on counsel of record for respondent.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.