MIDDLE STATES UTILITIES COMPANY OF IOWA, Appellant, v. CITY OF OSCEOLA et al., Appellees.

No. 45308.

October 22, 1940.

Opinion on Rehearing January 13, 1942.

C. E. Richman and Hughes, O'Brien & Hughes, for appellant.

464

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellees.

GARFIELD, J.—A rehearing having been granted, the opinion filed on October 22, 1940, reported in 294 N. W. 342, is hereby withdrawn and the following substituted therefor:

██ On April 12, 1935, plaintiff procured a judgment in this court against defendant, City of Osceola, for $896.35. The validity of the judgment, which is unpaid, is not questioned. On April 21, 1939, plaintiff filed its petition against the City, its mayor and councilmen, for a writ of mandamus commanding the City to pay the judgment, and, if not paid, that defendants cause to be levied and collected a sufficient tax for its payment. Plaintiff also prayed for such other relief as is equitable. Defendants contended the action was barred by section 11007 (4), Code, 1939, reading as follows:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, * * *

"4. Against sheriff or other public officer. Those against a sheriff or other public officer, growing out of a liability incurred by the doing of an act in an official capacity or by the omission of an official duty, including the nonpayment of money collected on execution, within three years, provided that actions against a sheriff, deputy sheriff or other peace officer founded on false arrest shall be brought within six months after the exoneration or discharge of the person arrested."

The court dismissed the petition, apparently on the theory that the above statutory provision was a bar to the action, more than three years having elapsed between the accrual of the cause of action and the commencement of the suit. Plaintiff has appealed.

We hold that the above statutory provision, referring to actions against a public officer, has no application to this suit, insofar as it is against the City. The City is not a "public officer." It is a body "politic and corporate," with the right to "sue and be sued, contract and be contracted with." Section

5738, Code, 1939. Assuming, without deciding, that the above statutory provision is a bar to the action as against the mayor and individual councilmen, the City cannot avail itself of this statute to escape the payment of this liability. The primary obligation to pay this judgment rests upon the City, against whom the judgment was entered. Code section 11675 provides in part:

"Levy against municipal corporation—tax. If no property of a municipal corporation against which execution has issued can be found, or if the judgment creditor elects not to issue execution against such corporation, a tax must be levied as early as practicable to pay off the judgment."

Speaking of the duty of a City to levy a tax to pay a judgment, this court said in the early case of State ex rel. Clark v. Davenport, 12 Iowa 335, 342: "And this levy and collection, it would be the duty of the corporation to make, * * *"

True, the municipality, like a private corporation, can act only through its officers and agents. But in the payment of a judgment, they perform a duty which the law enjoins upon the City itself. Appellant's cause of action arose because of the nonperformance of this duty imposed by law upon the City. Its right to sue the City in mandamus is not dependent upon its right to proceed against the councilmen.

Where the duty sought to be enforced by mandamus is that of a corporation, whether public or private, the party may proceed against the corporation as such and the writ may be directed to it by name. 38 C. J. 605, section 82; 35 Am. Jur. 121, section 382; 4 Dillon on Municipal Corporations, 5th Ed., sections 1521, 1533; State ex rel. Gulf Life Ins. Co. v. City of Live Oak, 126 Fla. 132, 170 So. 608; Leavenworth v. Sellew, 99 U. S. 624, 25 L. Ed. 333; State v. Chicago, M. & N. R. Co., 79 Wis. 259, 48 N. W. 243, 12 L. R. A. 180. See also Norwalk & S. N. E. L. Co. v. South Norwalk, 71 Conn. 381, 42 A. 82; Wilson v. United States, 221 U. S. 361, 31 S. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558; Warner Valley Stock Co. v. Smith, 165 U. S. 28, 17 S. Ct. 225, 41 L. Ed. 621, 623. The essential requirement is that the proceeding be against the "tribunal, board,

corporation, or person'' (see Code section 12440) whose duty it is to perform the necessary act.

While the writ is directed to the City in its corporate name, it is enforced through its officers and agents at the time the writ issues, whose duty it is to obey its commands. Those who refuse to do what the law requires of them may be punished for contempt. The duty of a municipality to levy a tax for the purpose of paying a judgment is a continuing duty, irrespective of who are the councilmen and mayor. State ex rel. Gulf Life Ins. Co. v. City of Live Oak, supra; Thompson v. United States, 103 U. S. 480, 26 L. Ed. 521, 523; Leavenworth v. Sellew, supra; 4 Dillon on Municipal Corporations, 5th Ed., section 1521.

The nature of mandamus against a board has frequently been considered in cases where there is a change of membership on the board during the pendency of the suit. The authorities are practically unanimous that such a suit does not abate by a change in personnel of the board. Murphy v. Utter, 186 U. S. 95, 22 S. Ct. 776, 46 L. Ed. 1070; Comley ex rel. Donovan v. Lawlor, 120 Conn. 610, 182 A. 218, 102 A. L. R. 938, and annotation, 943, and authorities cited, 956 et seq. These decisions proceed on the theory that the real party in interest is the municipality or other public body whom the board represents and not the individuals who happen to be incumbents when the duty is sought to be enforced; that to say otherwise is a sacrifice of substance to form. So here, the real party in interest is the City of Osceola and not the mayor and individual councilmen. The obligation of the City was conclusively adjudicated by the judgment which has not been satisfied. The present proceeding is in the nature of an execution upon that judgment. Thompson v. United States, 103 U. S. 480, 484, 26 L. Ed. 521, 523, supra; State ex rel. Coolsaet v. City of Veblen, 58 S. D. 451, 237 N. W. 555.

If appellant had brought this suit against the City without joining the mayor and councilmen, the City surely could not invoke the three-year limitation applicable to actions against public officers. We know of no theory upon which the City may avail itself of such a defense in the present suit.

 Appellees ask an affirmance because the city clerk and treasurer and the county auditor and treasurer were not joined as defendants. It is said they are all necessary parties because each would be charged with some official duty under Code sections 6227, 6229 and 11675 if the relief asked were granted. The argument is without merit, not only because of what we have said, but for other reasons. This contention was not made in the court below nor upon the first submission of this appeal. It is now too late to make it. Phinney v. Montgomery, 218 Iowa 1240, 1246, 1247, 257 N. W. 208. If there were a nonjoinder of necessary defendants, this would constitute a defect of parties, which appears on the face of the petition. Such a question ordinarily must be raised by motion to dismiss (demurrer in a law action) or in the answer and, where not so raised, is usually deemed to have been waived. Code sections 11130, 11141 (4). Kirkwood v. Perry T. L. & I. Co., 178 Iowa 248, 255, 159 N. W. 774; Stewart v. Hall, 150 Iowa 744, 747, 130 N. W. 993; Lillie v. Case, 54 Iowa 177, 182, 6 N. W. 254; Bouton v. Orr, 51 Iowa 473, 475, 1 N. W. 704. We have repeatedly held that a defect of parties is not jurisdictional. See cases last above, and Gunnar v. Montezuma, 228 Iowa 581, 585, 293 N. W. 1. The city clerk and the others are not indispensable parties as was the contractor in the Gunnar case.

Furthermore, the duties imposed by sections 6227, 6229 and 11675 upon the city clerk and other officials not made defendants, in the matter involved here, are mandatory. It does not appear that these officials will not perform the duties enjoined upon them by statute. None of them has refused to do so. The presumption is, until the contrary appears, that they will do as the law directs. People ex rel. Euziere v. Rice, 356 Ill. 373, 190 N. E. 681, 683.

We find nothing in the authorities cited by appellees contrary to the views herein expressed. No authority has been called to our attention which we think sustains the decree below.

Since appellant is apparently content to have the writ issue to the City commanding it either to pay the judgment or cause a tax to be levied for that purpose, and does not argue for a reversal insofar as the decree is in favor of the mayor and coun-

cilmen, we do not pass on the question whether this action is barred as to these individual defendants, but as to them the decree is affirmed. As to the City of Osceola, the decree is reversed and plaintiff is entitled to a decree either in this court or in the court below.—Affirmed in part; reversed in part.

All JUSTICES concur except MILLER, J., who dissents.