178 So.2d 919 (1965)
The CITY OF HOLLYWOOD, a municipal corporation, Appellant,
v.
Birger A. PETTERSEN, Donald I. Prickett and Mary L. Prickett, his wife, Nicholas A. Cammarano and Josephine Cammarano, his wife, Appellees.
No. 5816.
District Court of Appeal of Florida. Second District.
August 10, 1965.
Rehearing Denied October 21, 1965.
*920 Thomas A. Thomas and Harvey Ford, Hollywood, for appellant.
J. Victor Africano of Steele & Africano, Hallandale, for appellees.
ANDREWS, Judge.
Defendant City of Hollywood appeals issuance of peremptory Writ of Mandamus directing the City, its officers, agents and employees to issue a building permit to the plaintiffs, Birger A. Pettersen, Donald I. Prickett and Mary L. Prickett, his wife, Nicholas A. Cammarano and Josephine Cammarano, his wife.
Plaintiffs were owners of certain property located in the City of Hollywood which was zoned "N-Unrestricted" at the time petition for Writ of Mandamus was filed. A building permit to construct a gasoline station, a permitted use, on their property was refused by the defendant's building inspector. The court granted an alternative Writ of Mandamus directed to the City of Hollywood ordering it to issue plaintiffs a building permit or show cause why it would not.
Defendant then filed a return to the Writ alleging that the issuance of the requested building permit would cause "great public mischief" because the subject property and all the surrounding property consisted of single family dwellings, and that certain actions by the city commission in 1958 indicated an intent to rezone the property as residential, that the advertisement by the planning and zoning board of a public hearing at a date subsequent to the issuance of the Writ, on the question of rezoning the *921 subject property constituted "zoning in progress," and that the defendant had no authority to require its employees to issue the requested building permit.
The return also alleged that the plaintiffs had failed to exhaust their administrative remedies because they did not file notice of suit thirty days before the filing of the petition. The applicable part of the city charter reads as follows:
"No suit shall be instituted against the city unless a written statement giving the particulars of the alleged cause of action, containing a notice of intention to sue, be filed at least thirty (30) days before such suit is instituted, with the city attorney."
It is admitted that plaintiffs did not file the notice of suit. The court found that the notice of suit provision of the city charter did not apply to a mandamus proceeding; that the contention of the city regarding zoning in progress was without merit; and that the plaintiffs' property was zoned unrestricted; and that they were entitled to a building permit.
The nature of the common law Writ of Mandamus is such that no restriction can be placed upon the right of an aggrieved to petition for its issuance. Florida Constitution, Article 3, Sec. 20, F.S.A. The provisions of the city charter requiring notice of intention to sue the city is, therefore, inapplicable to Mandamus.
The governing body of the defendant is required to obey the orders of the court by whatever means necessary. State ex rel. Gulf Life Insurance Co. v. City of Live Oak, 1936, 126 Fla. 132, 170 So. 608.
A municipal corporation can be authorized to enact zoning ordinances in the exercise of the police power of the State. In the promulgation of zoning regulations there must be strict adherence to the requirements of notice and hearing preliminary to the adoption of such regulations. So-called "zoning in progress" or retroactive regulations clearly do not meet such criteria. It may be true that the surrounding property may be adversely affected, but the failure of the City to complete the process of amending its zoning ordinance does not justify adoption of retroactive zoning regulations. Darlington v. Board of Councilmen of City of Frankfort, 1940, 282 Ky. 778, 140 S.W.2d 392. 58 Am.Jur. Zoning, Sec. 148, 1948.
Affirmed.
SHANNON, Acting C.J., and WILLSON, JESSE H., Associate Judge, concur.